HOWARD and others *against* HOWARD.

19   313
69   618
70   287

A, having six children, all under twelve years of age, *viz.* B, a son by his first wife, and C, a son, and four daughters, by his second wife, devised all his estate, real, personal and mixed, to such children, to be divided between them, in equal portions, share and share alike; and if any or either of his said children should die in his life-time, that his, her or their shares should vest in and be divided to and among his surviving children, in equal portions, share and share alike.   These children were all living at the death of A ; but shortly afterwards, two of the daughters died, and before any distribution of their estates, distribution was made of the estate of A, which amounted to 7,379 dollars, 67 cents, consisting of 2,700 dollars in real estate, and 4,679 dollars, 67 cents, in personal property.   The distributors divided the estate of A into six equal parts, giving to each child then living, and to the heirs of each deceased daughter, the sum of 1220 dollars, 93 cents.   To each of the sons was given the sum of 250 dollars, in real estate, and the residue in personal; to each of the daughters living, the entire sum in personal property ; and to the heirs of each of the deceased daughters 1100 dollars, in real estate, and the residue in money.   On an appeal from the decree of probate establishing this distribution, by C and his sisters, it was found, that there was no inequality in the value of the several shares; and thereupon it was held, 1. that the will of A had furnished a rule for the distribution of his estate, which ought to controul it ; 2. that the distribution made was not inconsistent with that rule; 3. that it was not irregular, because the male heirs had not a greater share of the real estate, under the 30th section of the statute for the settlement of estates.

THIS was an appeal from a decree of the court of probate.
On the 2d day of *May*, 1846, *Warner Howard* made his last will, and thereby, after making provision for his wife, and giving a few specific legacies to his eldest son, disposed of the residue of his estate as follows : " I give, devise and bequeath all the residue of my estate, real, personal and mixed,

to my minor children, *viz. Hiram Howard, Mary Howard, Charles Nathan Howard, Julia Maria Howard, Emily Jane Howard,* and *Ellen Frances Howard;* to have and to hold to them, their heirs and assigns, forever; and to be divided between my said children, in equal portions, share and share alike ; and if any or either of my said children should die in my life-time, then my will is, that his, her or their shares vest in and be divided to and among my surviving children, in equal portions, share and share alike."

The testator died on the 20th of *May,* 1846, leaving the six children named in his will, his only heirs at law, surviving him.  *Hiram,* the eldest, was, at that time, about eleven years of age, and was a son by a former marriage ; the others being children by his last wife.  The will was duly proved and established, by the court of probate.

Before the final settlement of the estate, and before any distribution thereof, two of the children, *viz. Julia M. Howard* and *Emily J. Howard* died ; the former, on the —— day of *October,* 1846, at the age of four years, and the latter, shortly afterwards, at the age of two years.

On the 11th of *October,* 1847, the court of probate appointed distributors, who, on the 5th day of *November* following, distributed the estate of the deceased, and made report of their distribution to the court of probate ; which, on the 15th day of *November,* 1847, was accepted and approved.

At the time of the distribution, it was found, that the whole amount of the estate of the deceased, to be divided among his children and their heirs, under the clause of the will above recited, was 7,379 dollars, 67 cents ; of which 2,700 dollars was in real estate, and 4,679 dollars, 67 cents, was in personal property, consisting principally of promissory notes.  The distributors divided the estate into six parts, giving to each child then living, and to the heirs of each deceased daughter, the sum of 1229 dollars, 93 cents.  The entire distribution was follows :

To *Hiram,* the eldest son, in real estate $250 00
    and in personal property,    .    .    979 93
                                        ———— $1,229 93

To *Mary Howard,* the eldest daughter,
    in personal property, .    .    .    .    .    1,229 93

| | | | | | |
|---|---|---|---|---|---|
| To *Charles N. Howard*, the youngest | | | | | |
| son, in real estate, | . | . | . | 250 00 | |
| and in personal property, | | . | . | 979 93 | |
| | | | | | 1,229 93 |

| | | | | | |
|---|---|---|---|---|---|
| To *Ellen F. Howard*, the youngest | | | | | |
| daughter, in personal property, | . | . | . | 1,229 93 | |
| To the heirs of *Julia M. Howard*, de- | | | | | |
| ceased, in real estate, | . | . | 1,100 00 | | |
| and in money, | . | . | . | . | 129 93 |
| | | | | | 1,229 93 |
| To the heirs of *Emily J. Howard*, de- | | | | | |
| ceased, in real estate, | . | . | 1,100 00 | | |
| and in money, | . | . | . | . | 129 93 |
| | | | | | 1,229 93 |

The superior court did not find, that the value of any one of the shares so distributed was materially less than that distributed to *Hiram Howard*, the eldest son.

*Mary Howard, Charles N. Howard* and *Ellen F. Howard* appealed from the decree of the court of probate establishing this distribution; of which due notice was given to *Hiram Howard*, as appellee.

The case was reserved for the advice of this court as to what judgment should be rendered on the appeal.

*Welch* and *Catlin*, for the appellants, contended, 1. That the will of *Warner Howard* does not, in any respect, change the course of the descent or distribution of his estate, but leaves it to be disposed of under our statute of distributions. In the first place, there is nothing in the *terms of the will*, which can remove the estate from the operation of the statute. The property, real, personal and mixed, is given to his children, to be divided between them, in equal portions, share and share alike. The statute would make the same division or distribution. *Stat.* 234. § 30. (ed. 1838.) Secondly, there is nothing in the will disclosing *an intention* in the testator to change the distribution. The testator evidently meant, that at his death, all his children, *then living*, should share equally in his estate; but as to the disposition of his estate *after his death*, the will is silent, except that it is to be divided to all, and equally, share and share alike. If the testator intended farther to controul the estate, he would have provided in his

will for the contingency of the death of his children *after* his own death as well as before it.

2. That under the statute of distributions of this state, the male heirs should have their part in *real* estate. Such a distribution is required by our law. *Stat.* 234. § 30. In this case, the real estate would admit of such a distribution. The two sons, *Hiram* and *Charles N.*, might have had their entire shares set out to them in real estate. And to justify such a departure from the prescribed course, there must be a special finding and order of the court of probate.

3. That the real and personal estate should at least have been distributed *equally* to and among the several heirs. This would have done perfect justice to them all.

4. That the injustice done to the appellants, by the present distribution, is manifest. By setting so large a proportion of real estate to the heirs of the two deceased children, an interest therein is given to *Hiram*, of the value of 520 dollars more than he would have had, if his original share had been all set out in real estate; and an interest of the value 325 dollars more than he would have had, if the real and personal estate had been divided equally. *Stat.* 235. § 32. To this extent, therefore, have the appellants been aggrieved.

*Strong* and *Cleveland*, contra, contended, 1. That the distribution corresponds with the general intent of the testator. His children were equally the objects of his bounty, with the exception of the slight difference made in favour of his eldest son, by a few small specific legacies.

2. That in the case of *testate* estates, there is no requirement that the real estate should be set to the male heirs, in preference to the female. The testator has a right to make his own will the rule of partition; and *that* is here followed.

3. That had the distribution been in fact made before the death of the two daughters, and their shares been set to them in personal estate; this, by the 31st section of the statute, they dying during their minority, intestate, would have been divided among all the children of their father, without the distinction of whole and half blood.

4. That in this case, there is no such difference in the value or desireble character of the property constituting the several shares of the estate, as distributed, as would authorize the court to set aside the distribution.

ELLSWORTH, J.  The appellants complain of the distribu-
tion of *Warner Howard's* estate, made under an order of the
court of probate.  They say, it is unequal; that too much
real estate is set to the heirs of *Julia M.* and *Emily J.*, two
daughters of said *Warner Howard*, who died before the dis-
tribution was made.  It is true, these shares consist chiefly of
real estate, while the shares of the rest consist, to a much
greater extent, of personal estate.  But does it follow, that
the portions are *unequal?*  Can we, as matter of law, decide,
that a distribution is unequal, because the portions are not
made up of equal parts of real and personal estate?  The
property was appraised before, and if necessary, at the time,
of distribution; and there is no complaint of any inequality in
the value of the shares, but only that too much real estate is
given to the heirs of the two deceased daughters.  The fal-
lacy of the argument is in the assumption, that under the will
of Mr. *Howard*, the estate shall be divided as if it was intes-
tate, under the 30th section of the statute for the settlement
of estates, and so that the male heirs shall have their parts in
real estate.  We think this statute has no application to the
case.  Besides, the 30th section of the statute, even in cases
of intestacy, is by no means imperative, nor, as we believe,
generally carried out: but obviously, it has nothing to do with
testate estates.  If the testator directs his estate to be equally
divided, or gives a specific rule, and there stops, the court of
probate has only to see, that, in the one case, there is an equal
division in value, and in the other, a compliance with the rule
given.  We see no inequality in the shares: so that were we
to break up this settlement, we know not what better distribu-
tion can be made.  We can see, that it might be exceedingly
injurious to all the devisees, to have the real estate, by itself,
divided into six equal parts, and then the personal into as
many more.  And further, if the statute of distributions is to
govern, we think the 31st section of that statute would go far
towards sustaining the distribution.  Had personal property,
instead of real, been set out to the heirs of the deceased
daughters, it is certain, the estate of Mr. *Howard* would not
be equally divided among the surviving children.  Without,
however, dwelling on this point, we are fully satisfied on the
other.

We advise the superior court to affirm the decree of
probate.

CHURCH, Ch. J. and STORRS and HINMAN, Js., concurred in these views.

WAITE, J. concurred also in the result, but entertained somewhat different views on the subject. He remarked as follows. The principal objection to the distribution, in this case, is founded upon the claim, that the appellee, being a brother of the half blood of the two deceased sisters, is entitled only to share in their real estate, and has no interest whatever in their personal property. If this claim cannot be supported, that objection fails.

Now, the property distributed, was given, by the father, to his children, who were his heirs at law, in precisely the same manner, as they would have taken it, had there been no will. The rule of law in such case, is, that they take as heirs, and not as purchasers ; and consequently, the property may well be distributed among them, as intestate estate, and according to our statute relating to the distribution of such property. *Doe* v. *Timins*, 1 *Barn. & Ald.* 530. *Smith* v. *Triggs*, 1 *Stra.* 487. *Allen* v. *Heber*, 2 *Stra.* 1270. 1 *Jarman on Wills*, 67.

By the 31st section of that statute, it is provided, that if any of the children die before becoming of age, and before marriage, the portion of such deceased child shall be equally divided among the surviving children and their legal representatives. *Stat.* 235. (ed. 1838.)

The two sisters died under age, and unmarried ; consequently, their portions are to be equally divided among the survivors ; and no distinction is made between portions in real and in personal property. The appellee, as one of the surviving children, under the statute, becomes entitled to a share, equal to that of either of the appellants.

As no complaint is made of any inequality in the division of the property, but the claim merely is, that it has not been so divided, as that each of the appellants may have a greater share in the estate left them by their father, on account of the decease of their two sisters, than the appellee can have ; and as they are not entitled to that preference, no injustice has been done to them.

It is however said, that the statute requires the property to be so divided, as that the male heirs may have their parts in the real estate, so far as the estate will allow, and that that

has not been done. This provision was evidently intended for the benefit of the male heirs, which they can waive at pleasure. No complaint is made, by the appellee, of any injustice done to him; and none by the only other male heir, except such as is common to him and his sisters, with whom he has joined in the appeal.

How the case would stand, were he the only party complaining, and insisting upon the right, which the statute gives, to have his share set to him in the real estate, it is unnecessary to consider, as that is not the ground of his complaint.

As the case is now presented, and as no injustice appears to have been done to these appellants, and no inequality in the distribution is shown, I concur in opinion with the other members of the court, that no sufficient reason is shown for setting aside that distribution.

Decree of probate to be affirmed.