## IN RE ESTATE OF AUGUSTUS W. NORTH.

The seventh section of the statute with regard to intestate estates provides that " if any minor child shall die before marriage and before any legal disposition of the estate, the portion of such deceased child shall be equally divided among the surviving children and their legal representatives." Held that the portion of such deceased child was to be distributed, not as the estate of such child, but as a part of the estate of the deceased parent; and that therefore the eighth section of the statute, which provides that where an intestate leaves no children, the estate shall be distributed equally to the

brothers and sisters of the whole blood and those who legally represent them, has no application to the case.

IN the probate court of the district of New Britain; Judge CARPENTER of the Supreme Court sitting with the judge of probate.

CARPENTER, J. Augustus W. North died October 31st, 1878, intestate, leaving a widow and four children, William S. & Frederick A., children by his first wife, both of age, and James S. and Anna S., children by his second wife. Anna S., a child about two years old, died April 14th, 1879, no legal disposition having been made of the estate. The question relates to the distribution of Anna S. North's portion of the personal property of her father's estate.

There are two sections of the statute which are claimed to apply to the case. The first is Gen. Statutes, p. 373, sec. 7, and is as follows :—

" If any minor child die before marriage, and before any legal disposition of the estate, the portion of such deceased child shall be equally divided among the surviving children and their legal representatives."

In default of children and legal representatives of children, the eighth section provides for a distribution " equally to the brothers and sisters of the whole blood and those who legally represent them." And again, referring to more remote kindred, " kindred of the whole blood to take in preference to the kindred of the half blood."

The question is, shall the whole of Anna S. North's portion be distributed to the brother of the whole blood, or shall the two brothers of the half blood share in it ? If the two sections apply to the case, then, to some extent, they conflict with each other, and we must determine which shall prevail or construe them together so as to harmonize them. It is insisted that the eighth section so far modifies the seventh as to require the distribution to be " among the surviving children" *of the whole blood*, and that in this way only can the harmony of the statute of distribution be preserved.

The foundation of this claim is the assumption that it is

the estate of Anna S. North, so far as her portion is concerned, that is to be distributed. Granting the premise, the reasoning is logical—that her portion of her father's estate vested in her at his death; that she formed a new root for the transmission of property; that the statute must be regarded as a summary method of distributing her estate, saving the expense of separate administration; and that therefore the eighth section vests the whole of her portion in the brother of the whole blood.

But we cannot assent to the proposition that it is her estate that is to be distributed. Although the statute speaks of it as " the portion of such deceased child," yet upon much reflection we have come to the conclusion that it means, when applied to this case, the portion of Augustus W. North's estate which would have been distributed to Anna S. North had she lived. Our reasons for this conclusion, briefly stated, are these :—

1. It makes the statute more simple, by keeping the two sections distinct, and avoids the confusion of distributing two estates in one.

2. These two sections relate to different classes of cases. The seventh is limited in terms to the distribution of estates among children; the eighth, equally explicit, is limited to the distribution of estates among collateral relatives. It was not intended or supposed that the two sections would interfere with each other.

3. To allow the eighth section to modify the seventh in the manner claimed would give an effect to the eighth section not intended or contemplated by the legislature. Collateral kindred of the whole and of the half blood do not sustain the same relation to the intestate, while all the children of the same father, even though by different mothers, are equally related to him. The legislature could not have intended that the eighth section should affect the distribution of estates among children. As this is really the distribution of the father's estate it should not be brought within the operation of the eighth section if it can be avoided; and it

can be avoided by construing the seventh section as we have indicated.

4. That construction divides the father's estate equally among all his children, which is just.

5. These two statutes, although standing side by side for nearly a century, have never been construed by the Supreme Court of this state. The question was discussed somewhat in *Howard* v. *Howard*, 19 Conn., 313, but the case did not call for a decision and it was not decided. But elsewhere the authorities sustain our position. In Massachusetts, New Hampshire and Wisconsin they have statutes similar to our seventh section, and it has been uniformly held that they do not provide for a distinct estate, but that the surviving children take by descent from the father and not from the deceased brother or sister. *Sheffield* v. *Lovering*, 12 Mass., 488; *Nash* v. *Cutter*, 16 Pick., 491; *McAffer* v. *Gilmore*, 4 N. Hamp., 391; *Crowell* v. *Clough*, 3 Foster, 207; *Prescott* v. *Carr*, 9 Foster, 453; *Perkins* v. *Simons*, 28 Wis., 90; *Wiesner* v. *Zann*, 39 Wis., 188. We are not aware of any contrary decision.

Our opinion is that the estate should be divided equally among all the surviving children of the intestate.

———o-o-o———

NOTE TO THE CASE OF MAIN *v.* MAIN, *ante* p. 301.

The remark in the opinion, on page 306, that an entry by the defendant for costs during the term at which the non-suit was entered was essential to his right to have a judgment for costs, was made upon the authority of the cases cited, but without noticing a later statute passed in 1874, (Gen Statutes, p. 446, sec 11,) which provides that upon the withdrawal of any civil action after the defendant has entered his appearance, a judgment for costs shall be rendered in his favor, unless waived by him. The error does not affect the judgment, as the case was decided on other grounds. The correction of the opinion makes necessary a correction of the head note, the second paragraph of which should be stricken out.