[No. 1939.  Decided February 18, 1896.]

*In the Matter of the Estate of Corena Ann Fort, deceased:* CATHERINE FORT, *Appellant*, v. WILLIAM WEST, *Respondent.*

DESCENT OF COMMUNITY PROPERTY — DEATH OF CHILD AFTER PARENT — WHO INHERIT CHILD'S PORTION.

Under the statutes of this state providing for the descent of community property, one half of which shall go to the survivor and the other half to the children, the portion received by any child,

whether real or personal, will, on its decease, descend to its brothers and sisters and not to the surviving parent.

Appeal from Superior Court, Lewis County.—Hon. W. W. Langhorne, Judge.    Affirmed.

*Edward F. Hunter*, for appellant.

*J. E. Willis*, for respondent.

The opinion of the court was delivered by

Scott, J.— Joseph P. Fort of Lewis county died in 1890, leaving surviving him his widow, the appellant, and their three minor children, viz.: Corena Ann Fort, Gerrard A. Fort and Leonard C. Fort. He also left certain real and personal property all of which was the community property of said deceased and appellant. John T. Newland was appointed administrator by the superior court of said county sitting in probate, and said estate was administered upon and divided, one-half going to appellant and one-sixth to each of the children. The respondent was appointed guardian of said children and entered upon the discharge of his duties as such.

In January, 1894, said Corena Ann Fort, then about fifteen years of age, died without issue and not having been married, leaving surviving her mother and her said two brothers. The appellant petitioned for letters of administration upon her estate and was appointed administratrix. No claims were presented against said child's estate, and there were no debts, she, of course, having been incapable of contracting debts except for necessaries, and there does not appear to have been any necessity for an administration. This action was brought by appellant to recover of the respondent the sum of $2,295.53, which had been paid to him as the portion of the personal property of the

estate of said Joseph P. Fort, to which said Corena
Ann Fort was entitled.   A trial was had and the court
rendered a judgment in favor of the respondent, and
this appeal was prosecuted.

The only substantial controversy is as to whom this
sum of money belonged upon the death of said minor
child.   Appellant claims that said money became and
was, under the statutes of this state, her property, and
that the surviving children took no part thereof.
Some contention was made by appellant that she was
entitled to the custody of the money in any event, as
administratrix, and complaint is made because the
court in this action, subsequent to her appointment
as administratrix, found that she was an incompetent
person to have the custody thereof, but there is no
merit in this contention now, at least, because if only
entitled to receive it as administratrix, she would have
been bound to return it to the guardian, if it was the
property of the surviving brothers; and, regarding this
point as immaterial, we shall only consider the ques-
tion as to whom the money belonged.

It is conceded by appellant that the real estate in-
herited by said deceased child went to her brothers
and that appellant took no share thereof, but it is con-
tended that a different rule obtains with regard to the
personal estate, appellant contending that the dis-
position of that is governed by subd. 2, § 1480, Gen.
Stat., and if so, she would be entitled to the whole of
the personal estate.   She contends that subdivisions
6 and 7 relate only to real property, as that was the
only property that the deceased took by inheritance;
while the respondent contends that said subdivisions
cover all of the property, and further that as the same
was the community property of appellant and her de-
ceased husband, the descent thereof is governed by

§ 1481.  Said section provides that one-half of the community property shall descend to the children, and makes no distinction between the real and personal property; and it is contended that the evident intention was that the widow should receive only one-half in any event, where there were one or more children surviving, and that it should be construed, under the circumstances of this case, as though it was the estate of the father still that was being disposed of, and if so, then under said section all of the property, personal as well as real, of the deceased child, went to her surviving brothers.

The question presented is not devoid of difficulty. The argument of appellant as to the technical meaning of the word "inheritance" has considerable support in the authorities presented, and the aid of the well-known rule is invoked also, that where the legislature makes use of terms having a recognized and established meaning, it must be supposed to have employed them in that sense.  Appellant contends that the word "inheritance" can only be applied to lands strictly, and her position and argument would, under our statutes, carry with it the proposition that if, in administering upon the estate of the father, it had become necessary to sell the lands, and part of the proceeds had remained and had been distributed to the child, it would be regarded as personalty, and therefore not taken by inheritance.  This would give rise to an inconsistency, and a result not contemplated by the legislature, in our opinion.  The only right or interest an administrator would take in the estate, whether real or personal, would be for the purposes of settlement, and when the estate is settled, it should be disposed of as if no administration had been had, so far as its apportionment is concerned.

No good reason is apparent for holding that the legislature intended that the necessity for a sale should give rise to a different rule of descent as to the proceeds remaining undisposed of.   Under the provisions of § 1481, one rule was provided for the descent of all the property, whether real or personal, and we think it was not intended to use the word "inheritance" in subdivisions 6 and 7 of § 1480 in its restricted, technical sense, but that it was intended to include all of the property taken by the child from the deceased parent, if the provisions of this section apply in a case like the present; and notwithstanding the meaning generally given to the word "inheritance," the real intention of the legislature should govern, if it can be clearly ascertained.   The old-time refined or sentimental reason for the distinction drawn between the descent of lands and the descent of personal property does not exist in this country.   When the rule originated, real estate did not change hands as frequently as it does at the present day with us, but was usually kept in the same family on the male side from generation to generation.   Here land is looked upon more as a commodity and a common subject of bargain and sale.   Titles pass frequently and owners are continually changing.   Also a more extended meaning has been given by courts to the word "inheritance" in some instances.   In the case of *Ridgeway v. Underwood*, 67 Ill. 426, it was held, under the statutes of that state, to include the proceeds of land that had descended to the heir, and was not limited to the land itself. And see *Estate of Donahue*, 36 Cal. 329, and *Shippen v. Izard*, 1 Serg. & R. 222.

The respondent's other position, that the personal estate of the deceased child which had descended to her from her father should, under the circumstances

of cases like this, still be regarded as the property of the deceased parent, and be disposed of the same as if the child had died before the parent, is perhaps better sustained by cases elsewhere decided, and, if this position is well taken, the provisions of § 1481 clearly govern. Section 1482 limits the operation of § 1480, in husbands and wives inheriting from each other, to separate property. As sustaining the proposition that it should still be regarded as the estate of the father see: *Perkins v. Simonds*, 28 Wis. 90; *In re North's Estate*, 48 Conn. 583; *Burke v. Burke*, 34 Mich. 451. See, also: 24 Am. & Eng. Enc. Law, 406, and other cases cited.

Furthermore, it seems to us that § 1495 has a direct bearing upon this case. If the personal estate is not technically regarded as the community property of the parents, but as the separate property of the child, still, under the provisions of this section, by reference to § 1480, regard must be had to the source from which it was derived in its distribution. The respondent cites this section, but the appellant takes no notice of it. While it relates to the distribution of the separate personal estate of the decedent, it provides by subd. 3 that it shall be distributed among the same persons who would be entitled to the real estate under § 1480, with certain exceptions which do not affect this case, and subd. 6 of § 1480 would govern.

We are therefore of the opinion that upon the death of this minor child all of the property she received from her father's estate, personal as well as real, went to her surviving brothers, and that the mother took no interest therein, and the judgment of the superior court is affirmed.

ANDERS, DUNBAR and GORDON, JJ., concur.