ATTORNEY GENERAL *vs.* ANN RAFFERTY, administratrix.

Suffolk.   March 20, 1911. — June 20, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Tax,* On successions and inheritances.   *Probate Court.   Judgment.*

A decree of the Probate Court, allowing the accounts of an administrator and ordering a distribution of the estate of his intestate, where there was no reference in the proceedings to an inheritance tax and no provision was made for its payment and the Commonwealth was not made a party to the proceedings by its consent or in the manner provided by St. 1891, c. 425, § 18, is no defense to an information by the Attorney General at the relation of the treasurer and receiver general for the collection of an inheritance tax to which the estate is subject under the provisions of St. 1891, c. 425.   Following *Attorney General* v. *Stone, ante,* 186.

INFROMATION, filed in the Supreme Judicial Court on January 18, 1910, by the Attorney General, at the relation of the Treasurer and Receiver General against the administratrix of the estate of Alice Cumiskey, late of Boston, who died on March 12, 1892, alleging that $538.68 with interest was due from the

defendant to the Commonwealth as collateral legacy and succession taxes under the provisions of St. 1891, c. 425.

The case was submitted upon an agreed statement of facts to *Rugg*, J., who made a decree for the Attorney General in the sum of $1,078.53. The defendant appealed.

The case was submitted on briefs.

*J. P. Leahy & F. T. Leahy*, for the defendant.

*J. M. Swift*, Attorney General, *& A. Marshall*, Assistant Attorney General, for the plaintiff.

MORTON, J. The defendant admits that some of the property distributed by her was subject to an inheritance tax under St. 1891, c. 425, and that the tax has never been paid. She contends that she is protected from liability by the decrees of distribution of the Probate Court under which she acted. It is not disputed that the Probate Court had jurisdiction of the estate and we assume in the defendant's favor that the decrees of distribution and the decrees allowing her accounts were all properly entered, and that she acted in good faith. No reference was made to the inheritance tax in any of the proceedings. Since this case was argued the case of *Attorney General* v. *Stone, ante,* 186, has been decided. The precise point here raised was the subject of consideration in that case, and was determined adversely to the defendant's contention. It is unnecessary, we think, to do more than refer to that case. We may add that no question is raised in regard to interest, and we have no means of knowing whether it was computed in this case according to the rule laid down in that case or not.

*Decree affirmed.*