HENRY B. CABOT & others, executors, *vs.* COMMISSIONER
OF CORPORATIONS AND TAXATION & others.

Norfolk.   January 8, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Tax*, On legacies and succession, Assessment.  *Statute*, Construction.

Tax laws are to be strictly construed.
A right to tax must be plainly conferred by a statute; it is not to be
implied.
In the absence of any question of mistake in calculation, clerical error,
fraudulent concealment or trick on the part of anybody, the com-
missioner of corporations and taxation has no authority, after the
final determination and certification by him under the provisions of
G. L. c. 65, § 27, of the amount of succession tax to be assessed under
the provisions of § 1 of said chapter with respect to the estate of one
deceased, to make an additional assessment by reason of money re-
funded to the personal representative of that estate as an excess
payment of a Federal estate tax.

PETITION for instructions, filed in the Probate Court for
the county of Norfolk on August 27, 1928, by executors
under the will of Elizabeth R. Cabot late of Brookline.

Material facts alleged in the petition are stated in the
opinion.  The case was heard by *McCoole*, J., upon the peti-
tion and answer; and a decree was entered that the tax in
question, $6,159.90, properly was assessed and that the peti-
tioners should pay it.  The petitioners appealed.

*F. C. Gray*, for the petitioners, stated the case.

*R. Spring*, (*H. H. Bundy* with him,) for the individual
respondents.

*J. S. Eastham*, Assistant Attorney General, for the Com-
missioner of Corporations and Taxation.

RUGG, C.J.   This is a petition for instruction on the ques-
tion whether an additional legacy tax was properly assessed.
The petitioners' testatrix died in December, 1920.  The
petitioners filed the usual papers to enable the commissioner
to determine the amount of the legacy and succession tax.

Thus it appeared that the petitioners had paid a large estate tax to the Federal government. The amount so paid was allowed rightly by the commissioner as a deduction from the gross amount of the estate in order to ascertain the amount on which the tax should be computed. *Hooper* v. *Shaw*, 176 Mass. 190. *Old Colony Trust Co.* v. *Treasurer & Receiver General*, 238 Mass. 544, 549. See *Frick* v. *Pennsylvania*, 268 U. S. 473, 500. Several partial assessments had been levied and payments thereof made on account, and the final assessments covered property passing from several different sources; but these facts are now immaterial. On February 1, 1924, the commissioner assessed legacy and succession taxes, which were stated on the face of the bills to be "in full on the interest passing by will to" each of the beneficiaries named as respondents in the present petition. The taxes thus assessed were paid on February 27, 1924. The petitioners, on April 2, 1924, filed a claim for a refund of a part of the Federal estate tax theretofore paid by them. A considerable sum was refunded and paid to the petitioners on September 24, 1925. The commissioner assessed an additional legacy tax on the amount of this refund, the assessment reading, "In full on additional asset." The validity of this additional assessment is the point to be decided.

The point here raised was not considered or decided in *First National Bank* v. *Commissioner of Corporations & Taxation*, 258 Mass. 253, and that decision may be laid to one side.

The pertinent statutes and their relevant words are these parts of sections of G. L. c. 65: § 1. "All property within the jurisdiction of the Commonwealth . . . which shall pass by will . . . to any person . . . shall be subject to a tax . . ."; § 6. ". . . executors . . . shall be liable for the taxes imposed by this chapter, with interest, until the same shall have been paid."; § 7. "Taxes imposed by this chapter upon property . . . passing by will . . . shall be payable . . . by the executors . . . at the expiration of one year from the date of the giving of bond . . ."; § 13. ". . . the tax imposed by this chapter shall be assessed upon the actual value of the property at the time of the death of the decedent . . ."; § 25. "The value of the property upon which the

tax is computed shall be determined by the commissioner . . . and such determination shall be final" unless proceedings are had for its revision by the proper probate court;' § 27. "The commissioner shall determine the amount of tax . . . . and shall certify the amount so due . . . to the persons by whom the tax is payable; but . . . the commissioner shall not be required to consider any payments on account of debts or expenses of administration which have not been allowed by the Probate Court. . . . Payment of the amount so certified shall be a discharge of the tax. . . ."

It is a familiar principle that tax laws are to be strictly construed. The right to tax must be plainly conferred by the statute. It is not to be implied. Doubts are resolved in favor of the taxpayer. *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523, 530.

It is the clear meaning of this tax law that the succession to all property within its ambit should contribute to the support of government. But it is equally clear that the amount of that contribution should be speedily and definitely determined to the end that the taxpayer may avoid liability for interest by early payment, that estates of decedents may be settled and final accounts of executors allowed and the treasury of the Commonwealth receive the advantage of the revenue, and the affairs of the parties be adjusted on the basis that the succession tax is a closed incident. It is the indubitable implication of §§ 25 and 27 that the commissioner, as soon as is reasonably practicable with reference to the early time when the tax is payable, shall determine the final amount of the tax and make certificate thereof in due form to the taxpayer. His decision is final on all these points unless his valuation of the property subject to the tax is reviewed as there provided. *Attorney General* v. *Skehill*, 217 Mass. 364. *Attorney General* v. *Roche*, 219 Mass. 601. The provision of § 27 that "payment of the amount so certified shall be a discharge of the tax" is unmistakable in its positiveness. It imports finality. Such a finality has important bearing upon the allowance of the account of the executors, § 23, and upon the discharge of liens, §§ 9, 31. No reason is perceived why these words of § 27 should not be given their natural sig-

nificance, nor why they should be constricted to meet a particular case.

The property here assessed was liable to taxation under § 1 already quoted. But it was not known, until a considerable period after the year mentioned in § 7 and after the assessment and payment of the tax originally assessed, that the property here assessed would be returned to the estate and become liable to taxation.

The case at bar does not present any question of mistake in calculation, clerical error, fraudulent concealment or trick on the part of anybody. No intimation here is made touching such a state of facts. It is the case of a considerable sum of money being returned to the executors long after the issuance by the commissioner of the final certificate as to the amount of the tax, and the payment in accordance with its terms.

There is not to be found in c. 65 any authorization for a supplementary tax after the final determination of the amount of the tax has been made by the commissioner and the certificate thereof issued by him in accordance with § 27. In this respect there is a significant difference between c. 65 and laws relative to other kinds of taxation. In the statute as to assessment of local taxes, there is special provision for additional assessments upon property earlier omitted. G. L. c. 59, § 75. But for this special enactment, there could be no remedy for such omission. *Inglee* v. *Bosworth,* 5 Pick. 498. *Harwood* v. *North Brookfield,* 130 Mass. 561. *Bartlett* v. *Tufts,* 241 Mass. 96, 98. So also, as to taxation of incomes, there is special provision for assessment of portions of income not previously assessed. G. L. c. 62, § 37. Similar provision as to the corporation tax is found in G. L. c. 63, § 45. See as to stock transfer taxes G. L. c. 64, § 15. It is not necessary to inquire into the particular reasons for such provisions in the other statutes. They exist. They were necessary in order to accomplish assessments on items subject to taxation which had escaped an earlier assessment. (See Act of Congress of Feb. 24, 1919, c. 18, §§ 228, 250, 336, 40 U. S. Sts. at Large, 1075, 1082, 1096.)

The omission of a like provision from c. 65, as to the excise

tax of legacies and successions, in view of the other statutes just cited cannot be regarded as of no consequence. The history of the clause under consideration may perhaps explain the difference. Taxation on legacies and successions was first established in this Commonwealth by St. 1891, c. 425. Its only provision for ascertainment of the amount of the tax was in § 13. The proper probate court was there required to find the "actual value" of the property subject to the tax with further provision on appropriate application for the appointment of appraisers, whose return when accepted by the proper probate court was "binding upon the person by whom the tax is to be paid, and upon the Commonwealth." These words import finality as to such valuation. The statute contained no provision for later additions to the valuation because of omitted or undiscovered property, either by revision of the adjudication by the court or by further action by appraisers. Whatever may have been the practice by agreement of parties, or otherwise, the only method by which the proper probate court under its practice could express its determination on such a subject was by a decree or order in the nature of a decree. The framework of that statute, as well as the method of fixing the amount of the tax, commonly only a matter of arithmetical calculation after the value of the property had been ascertained by decree of a court, indicates that there was to be a single decision on the ultimate facts, which should be final. See now, as to appeal to probate courts for reappraisal of property subject to the tax, § 27. As to that subject matter such decree in the ordinary course of court procedure would be final and not open to review after the time for appeal had expired. See *White* v. *Gove*, 183 Mass. 333, 340.

Jurisdiction of this subject remained in the probate courts until by St. 1907, c. 563, § 19, the duty and power of determining the value of property subject to the tax was vested in the tax commissioner with right of appeal to the probate courts for a reappraisal. Otherwise, there was no change. The provisions of said § 19 are now found in substance in G. L. c. 65, § 25. The substitution of an executive or administrative officer for a court was not accompanied by the provisions

for omitted assessments found in other statutes where, as already pointed out, similar officers had been charged with the duty and power to assess taxes. See *Whitney* v. *Tax Commissioner*, 234 Mass. 188.

We feel constrained to the conclusion, in view of all these considerations, that on the peculiar facts here disclosed the assessment on the "additional asset" cannot be held to be justified under the law.

*Decree reversed.*