PAUL BARRON WATSON & others, trustees, *vs.* ARIOCH WENTWORTH ERICKSON & others.

Essex.   May 14, 1931. — June 24, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, & FIELD, JJ.

*Tax,* On legacy. *Trust,* Capital and income. *Probate Court,* Petition for instructions. *Equity Jurisdiction,* Bill for instructions. *Limitations, Statute of. Res Judicata. Probate Court,* Decree, Accounts. *Capital and Income. Devise and Legacy,* Spendthrift clause.

Where, in a petition by the trustee under a will for instructions as to whether a legacy and succession tax paid by him should be paid from the income or the principal of the trust fund, the life beneficiary of the trust, a respondent, filed a plea in bar that the tax was not due when paid, the petitioner was entitled to be heard in argument on the issue thus raised, notwithstanding Equity Rule 22 (1926).

The trustee under a will, admitted to probate in this Commonwealth in 1904, was directed to pay a certain annuity for life to the wife of a grandson of the testator. In 1904 the executor filed a statement with the Treasurer and Receiver General and paid a tax on legacies listed therein, which the Treasurer and Receiver General acknowledged "on account"; and the executor's final account was allowed thereafter. The Commonwealth was not a party to the account. In 1930 it was discovered that, through clerical error, the annuity to the grandson's wife had been omitted from the executor's statement to the Treasurer and Receiver General and that by reason of the omission no tax had been paid. The trustee thereupon paid a tax on the annuity, which was correct in amount if any were due. *Held,* that

(1) Collection of the tax was not barred by lapse of time, nor by the statute of limitations, nor by the provisions of R. L. c. 15, § 20, since such provisions were merely directory;

(2) The allowance of the executor's final account was not a bar to the collection of the tax;

(3) Under R. L. c. 15, and in the circumstances, the payment of a part of the legacy taxes in 1904 was not a bar to further recovery; distinguishing *Cabot* v. *Commissioner of Corporations & Taxation,* 267 Mass. 338;

(4) Even if the valuation provided by St. 1891, c. 425, § 13, imported finality, that did not prevent collection of the tax, since that statute was inapplicable;

(5) Under R. L. c. 15, § 1, the executor and trustee were liable for the tax on the legacy until it was paid; and it properly was paid in 1930 by the trustee;

(6) The tax was chargeable to the income and not to the principal of the trust fund: St. 1912, c. 678, § 1, as amended by St. 1913, c. 498, did not apply since the testator died previous to its enactment;

(7) A spendthrift clause in the will applicable to the annuity should not be construed as a direction to pay the tax out of principal.

PETITION for instructions, filed in the Probate Court for the county of Essex on May 28, 1930, and described in the opinion.

The petition was heard by *Dow,* J. Material facts and a decree entered by order of the judge are described in the opinion. Cecile M. Erickson, one of the respondents, appealed.

*S. Vaughan,* for Cecile M. Erickson.

*M. E. Foster,* for the petitioners.

*R. Wait,* for Wentworth Institute.

CARROLL, J. This is a petition by trustees under the will of Arioch Wentworth for instructions concerning a legacy tax paid to the Commonwealth. The instructions asked for were: Should the petitioners charge this tax against the annual income payable to Cecile M. Erickson (hereafter referred to as the appellant) and apply said income to the payment thereof until the same be fully accounted for; or should the petitioners charge this tax against the principal of the trust fund? The appellant answered that when the petitioners paid the sum of $3,619.60 to the Commonwealth there was no legacy tax due it on the estate of Arioch Wentworth on account of the annuity coming to the appellant, that the petitioners were not entitled to reimbursement, and, further, that if this tax was payable it was payable out of the principal.

Arioch Wentworth died on March 12, 1903. His will, as

compromised, was allowed on January 25, 1904. Certain property was left to the petitioners in trust, the income of the trust to be used, among other purposes, in paying the appellant $1,000 each year for life. The will contained a spendthrift clause applicable to this annuity.

The appellant was the wife of the testator's grandson and under R. L. c. 15, § 1, a collateral legatee. The property passing to her was at the time of the death of the testator within the jurisdiction of the Commonwealth, R. L. c. 15, § 1, and the legacy tax, if any were ever legally due, amounted to $3,619.60. By a clerical error the legacy to the appellant was omitted from the executors' statement filed with the Treasurer and Receiver General. Taxes were paid on the legacies listed and set forth in the statement on March 21, 1904, and the Treasurer and Receiver General issued a receipt acknowledging payment "on account." On May 16, 1904, the first and final account of the executors of the will of Arioch Wentworth was allowed. The Commonwealth was not a party to this account. In January, 1930, it was discovered that no tax had been paid on the legacy to the appellant, whereupon a new tax bill was made out by the proper authorities for the $3,619.60 tax and it was paid by the petitioners on May 21, 1930.

The case was heard on the pleadings and an "agreed statement of facts" in the Probate Court, and it was decreed that the tax had been lawfully paid and should be charged to income payable to the appellant.

The petitioners for instructions have argued that the tax was due when paid. Under Equity Rule 22 (1926) counsel for executors or trustees asking instructions are precluded from filing a brief in support of one of the alternative instructions suggested. But the appellant contends in bar of the petition that the tax was not due when paid. The petitioners therefore had the right to be heard on the issue raised by the plea of the appellant. *Quincy* v. *Attorney General*, 160 Mass. 431.

The pertinent provisions of R. L. c. 15, the statute in force when the tax on the appellant's legacy accrued, were as follows: § 1. "All property within the jurisdiction of

the commonwealth . . . which shall pass by will . . . to any person, absolutely or in trust . . . shall be subject to a tax of five per cent of its value, for the use of the commonwealth; and administrators, executors and trustees . . . shall be liable for such taxes, with interest, until the same have been paid . . ."; § 4. "Taxes imposed by the provisions of this chapter shall be payable . . . by the executors, administrators or trustees, at the expiration of two years after the date of their giving bond . . ."; § 16. "Said tax shall be assessed upon the actual value of said property as found by the probate court . . ."; § 19. "No final account of an executor, administrator or trustee shall be allowed by the probate court unless such account shows, and the judge of said court finds, that all taxes imposed by the provisions of this chapter upon any property . . . to be settled by said account have been paid; and the receipt of the treasurer and receiver general for such tax shall be the proper voucher for such payment"; § 20. "The Treasurer and Receiver General shall commence an action for the recovery of said taxes within six months after they are payable."

As the legacy to the appellant was by a clerical error omitted from the executors' statement of March 19, 1904, and no tax paid on the legacy at that time, the property was not relieved of the tax, nor was the tax uncollectible. Lapse of time does not prevent collection of the tax. The words of the statute instructing the Treasurer and Receiver General to commence an action within six months are directory merely. *Howe* v. *Howe*, 179 Mass. 546. Nor does the statute of limitations bar the recovery of the tax. *Bradford* v. *Storey*, 189 Mass. 104.

The appellant contends that the allowance of the executors' final account under R. L. c. 15, § 19, was an adjudication that all taxes imposed under said c. 15 had been paid, and that the collection of the tax is therefore barred. It was held in *Attorney General* v. *Stone*, 209 Mass. 186, and *Attorney General* v. *Rafferty*, 209 Mass. 321, that under St. 1891, c. 425, which provisions, so far as pertinent, are identical with R. L. c. 15, the liability for the taxes is not affected

or destroyed by the action of the Probate Court. These cases cannot be distinguished from the case at bar. The fact that in *Attorney General* v. *Stone* and *Attorney General* v. *Rafferty* the accounts and decrees of distribution showed nothing in regard to legacy taxes, while here it appears in the executors' account that taxes on legacies in the sum of $12,850 have been paid, is not of material importance. The Commonwealth was not a party to the account and its allowance is no bar to the collection of the taxes. *Attorney General* v. *Stone*, 209 Mass. 186, 191. There is nothing inconsistent with this conclusion in *Attorney General* v. *Laycock*, 221 Mass. 146.

The appellant's contention that the payment of a part of the legacy taxes in 1904 is a bar to further recovery cannot be sustained. The receipt given by the Treasurer and Receiver General did not purport to be a receipt in full, it expressly acknowledged that the payment was "on account," and the liability of the executors and trustees for payment of the tax on the appellant's legacy continued. The appellant relies on *Cabot* v. *Commissioner of Corporations & Taxation*, 267 Mass. 338. That case arose under G. L. c. 65. It appeared that the petitioners had paid an estate tax to the Federal government. The sum paid was allowed as a deduction from the gross amount of the estate in order to ascertain the amount on which the tax should be computed. The commissioner assessed legacy and succession taxes which were stated on the face of the bills to be "in full on the interest passing by will to" each of the beneficiaries named as respondents in the present petition (page 339). The taxes were paid on February 27, 1924. On April 2, 1924, the petitioners filed a claim for a refund of a part of the Federal estate tax paid by them. A considerable sum was refunded and paid to the petitioners on September 24, 1925. The commissioner assessed an additional legacy tax on the amount of this refund. It was held that there could be no further assessment after the amount due had been certified. The pertinent section on which the *Cabot* case rests is § 27 of G. L. c. 65. That section provides that the commissioner is to determine the amount of

the tax due, and payment of the amount so certified shall be a discharge of the tax. In the *Cabot* case the court left open the question whether the rule would apply to a case where there was a clerical error, but that reference does not help the appellant. The decision in the *Cabot* case was because of said § 27 making the payment of the amount so certified a discharge of the tax. As stated in the opinion, this provision "is unmistakable in its positiveness. It imports finality" (page 340). The procedure provided for assessment under R. L. c. 15 differs from the procedure under G. L. c. 65. R. L. c. 15 has no provision similar to § 27 of G. L. c. 65, and because of this difference *Cabot* v. *Commissioner of Corporations & Taxation*, 267 Mass. 338, does not support the contention of the appellant.

The statement in the *Cabot* case on page 342, that § 13 of St. 1891, c. 425, imported finality as to value of property subject to the tax, is relied on by the appellant to sustain her contention that once the legacy tax is assessed there can be no further assessment. The court in making this statement was dealing with St. 1891, c. 425, § 13, and R. L. c. 15, § 16, by which the Probate Court may find the value of property subject to the tax and the probate judge may appoint appraisers for this purpose. In the present case no attempt was made to alter the valuation placed on the estate of Arioch Wentworth; it was the collection of an unpaid tax on the property and § 16 of R. L. c. 15 has no application.

By force of R. L. c. 15, § 1, the executors and trustees were liable for the tax on the legacy to the appellant until paid. Part payment of taxes did not end this liability. The allowance of the final account of the executors did not terminate this liability. The lapse of several years did not put an end to the right to collect the tax. It was due in 1930 and properly paid by the trustees.

The tax was chargeable to income and not to principal. In our opinion that question is settled by *Minot* v. *Winthrop*, 162 Mass. 113, 126, where it was said: "the tax should be paid out of the annuity as soon as the annuity becomes payable." The modification of this rule by St. 1912, c. 678, § 1, as amended by St. 1913, c. 498, does not apply to the estates

of persons who died prior to its enactment.   See *Parkhurst* v. *Ginn*, 228 Mass. 159, 170; and see G. L. c. 65, § 12.   The spendthrift trust provision in the will is not to be construed as a direction to pay the tax out of the principal of the estate and does not change the rule established by *Minot* v. *Winthrop*, 162 Mass. 113.

*Decree affirmed.*