[No. 26145. Department One. November 24, 1936.]

THE STATE OF WASHINGTON, *on the Relation of William H. Pemberton, as Supervisor of the State Inheritance Tax and Escheat Division, Appellant*, v. UNITED PACIFIC CASUALTY INSURANCE COMPANY, *Respondent*.[1]

*William H. Pemberton* and *Charles Snyder,* for appellant.

*Ballinger, Hutson & Boldt,* for respondent.

GERAGHTY, J.—This appeal is from a judgment of the superior court of King county dismissing an action brought by the state of Washington through William H. Pemberton, supervisor of the inheritance tax and escheat division, against the United Pacific Casualty Insurance Company, surety upon the bond of an ad-

[1]Reported in 62 P. (2d) 729.

ministratrix who had failed to pay an inheritance tax due the state.

The facts stipulated by the parties are: Otto A. Hanson, a resident of King county, died testate, leaving an estate subject to administration in that county. His will was admitted to probate, and the executrix therein named, Mrs. Lucille Erickson, qualified as such. By the terms of the will, all of the estate, except one dollar to each of four children of the decedent, was left to Mrs. Erickson, who was not related by blood to the decedent. Shortly after her appointment as executrix, Mrs. Erickson died, and her daughter, Vera Anderson, was appointed administratrix with the will annexed, and filed in the proceeding her bond in the sum of five hundred dollars, executed by the defendant insurance company, conditioned that she would faithfully execute the duties of her trust according to law.

The estate was appraised at the value of $2,865. The administratrix paid claims duly presented against the estate in the sum of $258 and court costs and other expenses, which brought the total disbursements by her, on account of the estate, to $294.75. She also paid two hundred dollars for attorney's fees, stipulated to be reasonable, and was entitled to a reasonable fee for her own services as administratrix, with which she did not credit herself in her final account, since, as the heir of Mrs. Erickson, the residue would pass to her under decree of distribution.

On April 15, 1932, the administratrix filed her final account and report and petition for distribution of the residue of the estate. A hearing was had upon the petition after due notice given. The account was approved, and the court adjudged and determined that the administratrix, Vera Anderson, was entitled to the residue of the estate. An order of distribution and

discharge was entered, and the bond of the administratrix exonerated.

The final report of the administratrix set out in detail the various items paid on account of claims and expenses. No mention was made of an inheritance tax, although on the face of the report it appeared that a tax was due the state. The state of Washington, neither through the inheritance tax and escheat division nor otherwise, made an appearance in the estate proceeding prior to the hearing on the application for determination of the tax.

The administratrix, Vera Anderson, took possession of the residue of the estate, consisting of real estate, pursuant to the decree of distribution, and no subsequent proceedings in the estate have been had.

It is the position of the supervisor that the state of Washington was not a party to the decree of distribution and is not concluded by its terms from asserting its claim against the surety on the bond of the administratrix. On the other hand, the respondent contends that, by reason of several provisions in the probate code, the state and its inheritance tax and escheat division were charged with notice of the proceedings and with the performance of specific duties, the neglect of which barred recovery in the present action. It also makes the broad contention, adopted by the trial court, that the decree of distribution binds the whole world and is *res judicata* as to the state's claim.

Rem. Rev. Stat., §§ 11201 and 11209 [P. C. §§ 7051, 7060], defining the duties of administrators and executors in respect of the payment of inheritance taxes due from their estates, provide in part:

" . . . all administrators, executors and trustees, and any such grantee under a conveyance, and any such donee under a gift, made during the grantor's or donor's life, shall be respectively liable for all such taxes to be paid by them, with lawful interest until the

same shall have been paid." Rem. Rev. Stat., § 11201 [P. C. § 7051].

". . . shall not deliver any specific legacy or property subject to said tax to any person until he has collected the tax thereon." Rem. Rev. Stat., § 11209 [P. C. § 7060].

These provisions, in unmistakable terms, imposed the direct duty upon the administratrix to pay the tax. The obligation of her bond was that she would faithfully execute the duties of her trust according to law. This she did not do when she failed to pay the inheritance tax. For this breach of her duty, the surety is liable to the state.

We held in the recent case of *In re Kennedy's Estate, ante* p. 84, 61 P. (2d) 998, that the lien of the inheritance tax attaches to the property of the estate until paid; and doubtless the state could have resort to the residue of the estate, consisting of land distributed by the final decree of distribution, for satisfaction of its claim, but this remedy is not exclusive and does not deprive the state of its right to sue for recovery upon the bond.

The rule deduced from the authorities that have considered the question seems to be against respondent's contention that the state's right to recover on the bond is barred by the decree of distribution.

"Before the final account of an executor or administrator can be said to show that the estate is in condition to be closed, it should appear therefrom that the inheritance tax has been paid. Distribution of the estate cannot properly be made until the tax is paid. So long as the tax remains unpaid, the liability of the personal representative and the distributees is not affected by the action of the probate court in allowing the accounts of such representative and ordering distribution of the estate. Liability for the tax cannot be evaded, and the rights of the state to its revenue ignored, by procuring, in advance of the payment of

the tax, the settlement of the final account of the executor or administrator and the distribution of the estate to the heirs, devisees, and legatees. The fact that the probate court has jurisdiction and the parties act in good faith is immaterial. The state is entitled to insist that the estate be settled according to law.'' Ross on Inheritance Taxation, p. 272, § 210.

''The defendant admits that some of the property distributed by her was subject to an inheritance tax under St. 1891, c. 425, and that the tax has never been paid. She contends that she is protected from liability by the decrees of distribution of the Probate Court under which she acted. It is not disputed that the Probate Court had jurisdiction of the estate and we assume in the defendant's favor that the decrees of distribution and the decrees allowing her accounts were all properly entered, and that she acted in good faith. No reference was made to the inheritance tax in any of the proceedings. Since this case was argued the case of *Attorney General v. Stone, ante,* 186, has been decided. The precise point here raised was the subject of consideration in that case, and was determined adversely to the defendant's contention.'' *Attorney General v. Rafferty,* 209 Mass. 321, 95 N. E. 747.

See, also, *Thayer-Martin v. Underhill,* 115 N. J. E. 526, 171 Atl. 687; *Attorney General v. Stone,* 209 Mass. 186, 95 N. E. 395.

While we held in *State v. Evans,* 143 Wash. 449, 255 Pac. 1035, 53 A. L. R. 564, that the non-claim provision of the probate code was binding upon the state in respect of a debt due by a decedent at the time of his death, the statute does not apply to inheritance taxes.

''Upon a little reflection it will occur to any one that claims for taxes and the like are not among the class that have to be presented and proved to the personal representative. It is his duty to pay them, the same as he has to pay the expenses of administration, and he cannot evade that duty by getting a decree of distribution without performing it. They are, therefore, not among the class of claims affected by a final decree

for distribution.'' *In re Cummings' Estate,* 142 App. Div. 377, 127 N. Y. Supp. 109.

We are unable to accede to the view that the state, without a specific appearance, is so far a party to the estate proceeding as to be bound by a decree distributing the estate, and in this case it would be especially unreasonable to permit the administratrix or her surety to escape liability by reason of her own wrong in reporting to the court that all obligations had been paid and the estate was ready for distribution.

The judgment is reversed, and the cause remanded to the superior court with direction to enter a judgment for the amount of the tax found due the state, computed upon the residue of the estate passing to Vera Anderson, at the statutory rate, after allowing deductions for the expenses of administration reported in her final account, as well as an allowance for the fee paid her attorney and a reasonable fee for herself as administratrix, to be fixed by the court.

HOLCOMB, MAIN, STEINERT, and BLAKE, JJ., concur.