[No. 26580. Department Two. August 9, 1937.]

*In the Matter of the Estate of* MAURICE TURNER, *Deceased.*

THORA TURNER *et al., Respondents,* v. THE STATE OF WASHINGTON, *by William H. Pemberton, as Supervisor of the State Inheritance Tax and Escheat Division, Appellant.*[1]

[1]Reported in 70 P. (2d) 1059.

*William H. Pemberton* and *Charles Snyder,* for appellant.

*Short & Short,* for respondents.

HOLCOMB, J.—Maurice Turner died testate, a resident of Kittitas county, Washington, on June 14, 1920, leaving an estate consisting of separate and community property, subject to probate in that county, appraised at $21,826.90. The fourth paragraph of the will bequeaths a life estate to the wife and a vested remainder to decedent's lawful heirs, who are nieces and nephews.

The inheritance tax on the date of decedent's death was due and payable under Rem. Rev. Stat., § 11205 [P. C. § 7056]. The executrix proceeded under that section, gave notice to the state inheritance tax and escheat division, which computed the tax then due upon the property comprising the estate of decedent as $15.44, the amount due on the life estate, and $144 was then finally determined as the tax payable on the residuary legacies. A bond was given by the trustee named in the last will and testament to the state, conditioned for the payment of $144 within sixty days after the trustee should come into possession of the residuary legacies under the provisions of Rem. Rev. Stat., § 11205, then in force. The bond was accepted by the state inheritance tax and escheat division on September 22, 1921, and was not questioned thereafter. Receipt was executed by the division in the regular and proper form for the inheritance tax due.

Probate of the estate proceeded in the regular manner and was completed by an order approving the final account and decree of distribution entered April 25, 1921, upon due notice. The estate was closed, the executrix was discharged from her trust, and more than fifteen years have passed.

In 1935, that part of Rem. Rev. Stat., § 11205, which

provided for bonds for payment of inheritance taxes on remainders, was repealed (Laws 1935, p. 782, § 112). At the same time, the rates on inheritance taxes were increased, Rem. Rev. Stat. (Sup.), § 11202 [P. C. § 7053] (Laws 1935, p. 770, § 106). A period of ten months from the effective date of the act was allowed for the payment of inheritance taxes on estates then pending. Rem. Rev. Stat. (Sup.), § 11211 (e) [P. C. § 7030-184] (Laws 1935, p. 791, § 124). Appellant took no steps in this case and made no demand, under the new law and rate of taxation, until after the ten months' period elapsed, but then immediately demanded payment of the inheritance tax due on the remainder of the residuary legacies and also demanded that the tax be computed in accordance with the law of 1935, which would increase the amount from $144, as agreed upon in 1921, to $486.30, together with interest from the effective date of the 1935 act, March 25, 1935, which will amount to a total in excess of $540.

The trial court held that this was not a pending estate, and hence the 1935 law would not apply, so that the only tax due was the amount due under the old law in the sum of $144. The court further observed that,

"Such a construction [holding that this estate was pending] would abrogate a contract entered into between the state and the remaindermen, and such intent will not be attributed to the legislature unless it most plainly appears."

On appeal, appellant assigns three errors, all of which are based upon the contentions that the court erred in ruling this not to be a pending estate within the meaning of the 1935 law and that the 1935 inheritance tax law had no application to the case at bar.

At the outset, we cannot agree with one assertion made by appellant that

" . . . the state is not bound by the decree of distribution in 1921, because it had no notice thereof and

that more than thirty days thereafter the bond was filed securing the tax upon the remainder."

The record shows that the regular inheritance tax report was rendered to the state inheritance tax and escheat division in this case, and throughout the probate the attorney for the executrix was in communication with that division. Everything was done with the express approval of the division, which accepted the tax paid, issued its official receipt therefor, and approved and accepted the bond to defer payment of the tax as thus computed and settled. Hence, there was a specific appearance by the state, so that this case is not governed by *State ex rel. Pemberton v. United Casualty Insurance Co.,* 188 Wash. 304, 62 P. (2d) 729.

■ This court has held, in accordance with courts generally, that retroactive inheritance taxation, as a general proposition, is not unconstitutional and may validly apply to pending cases. *In re Fotheringham's Estate,* 183 Wash. 579, 49 P. (2d) 480; *In re Ward's Estate,* 183 Wash. 604, 49 P. (2d) 485, 102 A. L. R. 496. The issue is thus narrowed to that of whether this estate is pending or vested and no longer pending.

■ Two other provisions of the statute, not cited by counsel for either party, Rem. Rev. Stat., §§ 1364 and 1366 [P. C. §§ 9861 and 9863], relating to the distribution of personal property and of real estate, have much effect on this matter.

Section 1366, *supra,* in part, reads:

"When a person dies seised of lands, tenements or hereditaments, or any right thereto or entitled to any interest therein in fee or for the life of another, his title shall vest immediately in his heirs or devisees, subject to his debts, family allowance, expenses of administration and any other charges for which such real estate is liable under existing laws."

Ever since *In re Fort's Estate,* 14 Wash. 10, 44 Pac. 104, it has been the law of this state that there is no

essential distinction between real and personal property in this state, and that the word "inheritance," as used in the law of descent, applies as well to personalty as to land; and, under both § 1364 and § 1366, *supra,* this court has uniformly held that the estate vests immediately in the heir or devisee entitled thereto upon the death of the ancestor, subject only to rights of creditors.

Texts and cases from other jurisdictions are unnecessary to support this contention of respondent.

It is true, also, that the legislature may select the moment of death or may exercise its power during any of the time it holds the property from the legatee for the imposition of inheritance taxes. *Cahen v. Brewster,* 203 U. S. 543, 27 S. Ct. 174, approved in the *Fotheringham's Estate* case, *supra.*

Another case approved in the *Fotheringham's Estate* case, *supra, Succession of Levy,* 115 La. 377, 39 So. 37, 8 L. R. A. (N. S.) 1180, strongly emphasizes the point that the probate had not been closed and states that, if it had been closed, it would have been too late to tax it.

Certain language is emphasized by appellant from the decision in *United States v. Perkins,* 163 U. S. 625, 16 S. Ct. 1120, as follows:

"Thus the tax is not upon the property, in the ordinary sense of the term, but upon the right to dispose of it, and it is not until it has yielded its contribution to the State that it becomes the property of the legatee."

Manifestly, that means a lawful tax, not an invalid one. Here, the valid tax is that levied under the old law prior to the 1935 act. It is correct, also, that the lien of an inheritance tax continues until satisfied under our statutes, as held in *In re Kennedy's Estate,* 188 Wash. 84, 61 P. (2d) 998, and *State ex rel. Pemberton v. United Pacific Casualty Ins. Co.,* 188

Wash. 304, 62 P. (2d) 729. That also means a valid tax, not an unlawful one.

The lien of the tax under the old law, computed and agreed to by the state in 1921, is the legal tax and, of course, continues to be a lien until paid. Respondent concedes that.

*Milliken v. United States*, 283 U. S. 15, 51 S. Ct. 324, relied upon by appellant, upheld the right to increase tax rates after a gift was made, but there a gift had been made in contemplation of death, and, of course, whatever rate of tax was in effect at the time of death would be the effective rate.

Here, the probate of the estate had been fully completed and closed by the order approving the final account and decree of distribution. Under our statute, it was also fully vested in the heirs and devisees under the will. The fact that the remaindermen cannot come into possession of the property until the death of the life tenant, in no way affects the vesting. The remainders thus created were vested, although defeasible. *In re Murphy's Estate*, 182 Cal. 740, 190 Pac. 46. There, prior California decisions were reaffirmed to the effect that it is the vesting in interest which constitutes the succession, and the question of liability to such a tax must be determined by the law in force at the time. *Hunt v. Wicht*, 174 Cal. 205, 162 Pac. 639, a well reasoned case, which we have read, and others.

Appellant relies upon *Sweetser v. Fox*, 43 Utah 40, 134 Pac. 599, Ann. Cas. 1916C, 620, 47 L. R. A. (N. S.) 145, to sustain its contention that this is a pending estate. That case was determined under a statute providing that an action is pending from its commencement until final determination on appeal, or until time for appeal has passed, unless the judgment is sooner satisfied. The statute is so different as to make that decision inapt.

The same is true of *Becker Steel Co. of America v. Hicks,* 66 F. (2d) 497, where, under a certain Federal statute, a suit was held "pending" until satisfaction of judgment for complainant. It, also, is inapt.

Appellant contends that a tax is due the state because that was the very reason the bond was furnished under the old law. Counsel confuse the term "due" with the term "unpaid." Respondent concedes that the tax is still unpaid, but insists that it is not yet due, which is correct. The arrangement for furnishing the bond constituted a contract for the payment of the tax, as then determined.

We conclude that the estate of decedent was fully and finally closed by the order in 1921, and the property distributed subject only to the payment of the inheritance tax in the amount settled by the lower court and agreed upon by appellant at that time.

The judgment is affirmed.

STEINERT, C. J., MAIN, BEALS, and ROBINSON, JJ., concur.