April 3, 1934, Helen Browning Smith died testate, leaving the bulk of her estate to The Washington *Page 216 
National Bank of Ellensburg, in trust for the use and benefit of a niece and a nephew. The bank was also named executor. The will having been admitted to probate, the bank qualified as executor and administered the estate. Upon the bank's petition as executor, a decree of distribution, in accordance with the terms of the will, was entered on February 21, 1935. The decree contained the following provision:
"That upon filing proper receipts . . . for the payment of any inheritance tax due hereunder, said executor is discharged and its sureties on its bond exonerated."
The executor and heirs having failed to pay any inheritance taxes, the supervisor of the inheritance tax and escheat division, as required by Laws of 1935, chapter 180, § 107, subd. (i), p. 771 (Rem. Rev. Stat. (Sup.), § 11202-1 [P.C. § 7030-167]), filed his findings fixing the amount of the tax due. The tax was computed upon the schedule fixed in Laws of 1935, chapter 180, § 106, p. 770 (Rem. Rev. Stat. (Sup.), § 11202 [P.C. § 7030-166]). The executor filed objections to the findings of the supervisor. Upon hearing, the court sustained the objections, holding that the tax should be computed under the schedule fixed in Laws of 1931, chapter 134, § 3, p. 401 (Rem. Rev. Stat., § 11202 [P.C. § 7053]). From the order accordingly entered, the supervisor appeals.
[1] The supervisor contends that the tax due from the estate should be computed under the schedule fixed in Laws of 1935, chapter 180, § 106, p. 770, notwithstanding that act became effective subsequent to the entry of the decree of distribution. We think this contention must be sustained. For that act (§ 124, p. 791, Rem. Rev. Stat. (Sup.), § 11211e [P.C. § 7030-184]) provides: *Page 217 
"The provisions of this title . . . shall apply to all casespending in the inheritance tax and escheat division and to allcases pending in any of the courts of this state . . . at the time this act takes effect, whether the death of the decedent occurred prior to the passage of this act or subsequent thereto:Provided, however, That the inheritance tax now due before the passage of this act may be paid under the law effective immediately before the passage of this act if paid within tenmonths from the time this law becomes effective: . . ." (Italics ours.)
Construing these provisions, we have held that the rates fixed in Laws of 1935, chapter 180, § 106, p. 770, are applicable where the tax is not paid within ten months from the time the act became effective, although the decedent may have died prior to the effective date of the act. In re Fotheringham's Estate,183 Wn. 579, 49 P.2d 480. In that case we said:
"The legislature having the power, and, pursuant thereto, having explicitly declared its intention, to pass an inheritance tax law which should have a retroactive effect, it only remains to give effect to what the legislature has prescribed.
"We therefore conclude, just as § 124 of the 1935 act says, (1) that the act . . . applies to all cases pending on March 25, 1935, in the inheritance tax and escheat division or in any of the courts in this state, whether on appeal or otherwise, and whether the death of the decedent occurred prior or subsequent to that time; (2) that, in all such cases, the inheritance tax which became and was due on March 25, 1935, may be paid under the law effective immediately before that date, if paid before January 25, 1936."
Here, the estate was pending not only in the inheritance tax and escheat division, but, by the very terms of the decree, in the superior court.
[2] Respondent takes the position that, inasmuch as the trustee and heirs were, by the decree of distribution, invested in all right, title, and interest to the *Page 218 
property of the estate, the state is bound by the decree. A number of cases from this court are cited to the point that a decree of distribution, entered upon due notice, is binding on all the world. The court, however, has declined to apply that principle in a manner to impair the power of the state to levy and collect inheritance taxes.
In the case of In re Fotheringham's Estate, supra, we quoted with approval the following from United States v. Perkins,163 U.S. 625, 41 L.Ed. 287, 16 S.Ct. 1073:
"`Certainly, if it be true that the right of testamentary disposition is purely statutory, the State has a right to require a contribution to the public treasury before the bequest shall take effect. Thus the tax is not upon the property, in the ordinary sense of the term, but upon the right to dispose of it, and it is not until it has yielded its contribution to the State that it becomes the property of the legatee.'"
And again, in State ex rel. Pemberton v. United Pac. Cas.Ins. Co., 188 Wn. 304, 62 P.2d 729, we said:
"We are unable to accede to the view that the state, without a specific appearance, is so far a party to the estate proceeding as to be bound by a decree distributing the estate."
Respondent insists that, in the recent case of In re Turner'sEstate, 191 Wn. 145, 70 P.2d 1059, the court has receded from the position taken in the cases from which we have quoted. We do not so read the Turner case. There, we simply held the inheritance tax and escheat division bound by a decree, to the entry of which the supervisor agreed, fixing the amount of the inheritance tax. In the case at bar, it does not appear that the supervisor had any knowledge of the pendency of the estate until long after Laws of 1935, chapter 180, title XV, became effective. *Page 219 
Since this estate was pending in the inheritance tax and escheat division and in the superior court at the time Laws of 1935, chapter 180, became effective, and since the inheritance tax was not paid within ten months from the effective date of that act, the schedule of rates fixed in § 106 thereof is applicable.
The order sustaining the objections to the findings of the supervisor is reversed.
STEINERT, C.J., BEALS, MILLARD, and ROBINSON, JJ., concur.