ATTORNEY GENERAL *vs.* PATRICK J. SKEHILL, administrator.

Suffolk. February 25, 1914. — March 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Tax,* On legacies and successions.

On an information in equity by the Attorney General at the relation of the Treasurer and Receiver General under St. 1909, c. 266, § 1, against the administrator of the estate of an intestate, for the collection of an inheritance tax, the determination by the tax commissioner of the amount of the tax is final, except only that the administrator may show that he was entitled to an abatement of a portion of the tax as assessed without authority of law; and, at the hearing of such an information, where it appears that there was no application to the Probate Court under St. 1909, c. 490, Part IV, § 19, for an appraisal of the estate of the intestate within three months after the determination of its value by the tax commissioner, the administrator cannot be allowed to show that the value of the estate was less than the amount thus determined.

INFORMATION IN EQUITY, filed in the Supreme Judicial Court on November 14, 1912, by the Attorney General at the relation of the Treasurer and Receiver General under St. 1909, c. 266, for the collection of an inheritance tax from the administrator

of the estate of John E. Skehill, late of Watertown, who died on September 30, 1908.

The case was submitted upon the pleadings and an agreed statement of facts to *Sheldon*, J., who found the facts to be as stated in the agreed statement and, at the request of the parties, reported the case for determination by the full court, with the stipulation that, if the defendant was entitled to prove that the estate of John E. Skehill was less than $1,000, the information was to be dismissed with costs; and that otherwise a decree was to issue as prayed for in the information.   On March 30, 1911, the tax commissioner had determined the value of the real estate of the intestate shown by the inventory filed by the defendant to be $2,600, and on that date notified the defendant of such determination.   Neither the defendant nor any party interested in the succession applied to the Probate Court under St. 1909, c. 490, Part IV, § 19, for an appraisal of the property of the estate.   On September 9, 1912, the tax commissioner certified to the Treasurer and Receiver General the amount of the tax due as $78 and notified the defendant of such certification.   It was stated in the agreed statement of facts that the defendant would prove, if the evidence should be received, that the amount of the estate of John E. Skehill at the time of his death was slightly less than $1,000.

St. 1909, c. 490, Part IV, § 19, referred to above, is as follows:

"Section 19.   The value of the property upon which the tax is computed shall be determined by the tax commissioner and notified by him to the person or persons by whom the tax is payable, and such determination shall be final unless the value so determined shall be reduced by proceedings as herein provided.   At any time within three months after such determination the Probate Court shall, upon the application of any party interested in the succession, or of the executor, administrator or trustee, appoint one disinterested appraiser or three disinterested appraisers, who, first being sworn, shall appraise such property at its actual market value, as of the day of the death of the decedent and shall make return thereof to said court.   Such return, when accepted by said court, shall be final: provided, that any party aggrieved by such appraisal shall have an appeal upon matters of law. . . ."

The case was submitted on briefs.

*J. H. Vahey, S. K. Casson & P. Mansfield,* for the defendant.

*T. J. Boynton,* Attorney General, & *A. E. Seagrave,* Assistant Attorney General, for the plaintiff.

SHELDON, J. The tax commissioner's determination of the value of the property became final, under the express provision of the statute, upon the defendants' failure to apply for a reappraisal thereof. St. 1909, c. 490, Part IV, § 19. And it is further provided by statute (St. 1909, c. 266, § 1) that "in a proceeding under this act for the collection of taxes imposed by chapter five hundred and sixty-three of the acts of the year nineteen hundred and seven, and the acts in amendment thereof and in addition thereto [which of course must include St. 1909, c. 490, Part IV, and the amendments therof], the determination by the tax commissioner . . . of the amount of the tax shall be final as to such amount: provided, however, that an executor, administrator, trustee or grantee may show in any proceeding brought against him under this act, any facts which would entitle him to an abatement under the provisions of section twenty of said chapter," which later was revised into St. 1909, c. 490, Part IV, § 20, and since has been amended and added to by subsequent legislation which now is not material. But the only abatement to which the taxpayer thus can become entitled is "an abatement of such portion of said tax as was assessed without authority of law." Sts. 1907, c. 563, § 20; 1909, c. 490, Part IV, § 20.

It is manifest that no part of this tax was assessed without authority of law. It was assessed upon the property returned and stated by the defendant in his inventory, and upon no other property. There was no contention that this property was not taxable if its value exceeded $1,000. Sts. 1909, c. 490, Part IV, § 1, and c. 527, § 1. See now Sts. 1912, c. 678, and 1913, c. 498. The answer of the defendant avers that the property of his intestate included only one third part and not the whole of the real estate mentioned in the inventory. But we need not consider whether this fact, if proved, would have been ground for an abatement. The agreed statement of facts does not support the averment. The defendant's contention, as there set forth, was simply that he "would prove, if the evidence should be received, that the amount of the estate of John E. Skehill was slightly less than $1,000 at the time of the death of the said John E. Skehill."

This was merely an offer to show that the tax commissioner's valuation was erroneous; and we already have seen that that cannot be shown.

A decree must be entered in accordance with the prayer of the information.

*So ordered.*