ATTORNEY GENERAL *vs.* TERESA G. ROCHE, administratrix.

Suffolk.    November 13, 1914. — December 31, 1914.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Tax,* On legacies and successions.  *Notice.*

Under St. 1909, c. 490, Part IV, § 20, a succession tax is not payable until it has been certified to the person or persons by whom it is to be paid, and a certification of such a tax mailed by the tax commissioner by a registered letter in an envelope addressed to an administratrix by name, giving no street or number, to the care of certain attorneys, who had acted for her in procuring letters of administration and had notified the tax commissioner of the filing of an appraisal of the estate, but who had been settled with and discharged before the certification was mailed, if it never is received by the administratrix, is not such a certification as is required by the statute and the tax for that reason is not collectible.

Inasmuch as the Legislature in St. 1909, c. 490, Part IV, § 20, has failed to prescribe the kind of notice that must be given by the tax commissioner of his certification of the amount of a legacy or succession tax to the person or persons by whom the tax is payable, such notice may be personal or by mail, and, if

mailed, and the person to be notified lives in a city, the notice if possible should be directed to the street and number of his residence, as is required by St. 1909, c. 490, Part II, § 3, of a collector of taxes when sending to a taxpayer notice of the amount of his tax.

INFORMATION IN EQUITY, filed in the Supreme Judicial Court on June 3, 1913, against the administratrix of the estate of Mary A. Roche, late of Haverhill, who died intestate on March 8, 1910, for the collection of $154.50 alleged to be due to the Commonwealth from the defendant as such administratrix as a succession tax under St. 1909, c. 490, Part IV.

The case came on to be heard before *De Courcy,* J., who reserved it upon the pleadings and an agreed statement of facts for determination by this court. The essential facts are stated in the opinion.

*A. E. Seagrave,* Assistant Attorney General, for the plaintiff.

*E. L. Abbott,* for the defendant.

BRALEY, J. By St. 1909, c. 490, Part IV, § 19, the value of the property upon which a succession tax is to be computed must be determined by the tax commissioner, subject, however, to such reduction as may be made by the court of probate if proceedings for revision are instituted by the taxpayer. If no appeal is taken his decision is final, and under § 20 he determines or computes the amount of the tax which is certified to the treasurer and receiver general for collection. *State Street Trust Co.* v. *Friebe,* 209 Mass. 373.

The defendant, who had an opportunity to be heard, accordingly is bound by the tax commissioner's valuation of the estate of her intestate. But under the further provision of § 20 the tax is not payable until the amount also is certified to the person or persons by whom it is to be paid. It is only after receipt of notice that the taxpayer can pay the tax and within one year thereafter have recourse to the remedy for review and abatement of part or of the entire tax given by the further provisions of § 20. The power to collect as well as to impose the tax depends upon the statute which is mandatory and must be followed strictly. *Torrey* v. *Millbury,* 21 Pick. 64, 69. *Hunt* v. *Holston,* 185 Mass. 137, 138. *Abbott* v. *Frost,* 185 Mass. 398. Cooley on Taxation, (3d ed.) 801. And the question for decision is whether the certification or notice mailed to the defendant by registered letter but never received

by her, or of the contents of which she never was informed, was a sufficient compliance with the statute.

· The certification being ample in form, we assume that if properly addressed nothing further would be necessary, unless the letter which had been registered was returned by the post office authorities to the sender, as requested in print on the envelope, because she could not be found. The letter was not thus addressed. It gave no street or number but only the superscription, "Teresa G. Roche, Admx., c/o Ryan & Pingree, Attys., Haverhill, Mass." The attorneys had appeared and acted for her in procuring letters of administration and had notified the commissioner of the filing of an appraisal of the estate, but they had been settled with and discharged before the notice was mailed. If without their knowledge the letter was receipted for and mislaid by their clerk and never delivered, the commissioner never had been requested or directed to mail the notice in their care as her agents.

The duty of the defendant to pay a tax arose after she had been appointed, and § 40, c. 162 of the Revised Laws cited by the Attorney General, relates only to attorneys at law who are authorized to act for their clients. The "processes and notices" there referred to which may be served upon counsel of record are moreover the processes and notices which may be required to protect the rights of parties arising in the regular course of procedure in the court of probate. *McKenna* v. *McArdle*, 191 Mass. 96, 99. They do not embrace the notice required for the levying and collection of a valid succession tax, even if under § 23 no final account of an executor, administrator or trustee shall be allowed unless the account shows, and the judge finds upon the certificate of the tax commissioner and the receipt of the treasurer and receiver general, that the taxes required by the statute have been paid.

The defendant, having settled with the heirs, has not filed an account. But, if the debts of the intestate and the funeral charges have been taken care of and the heirs are satisfied, her failure to file an account and to have it allowed does not do away with the requirement resting on the commissioner, or estop her from contending that the tax is invalid.

The Legislature not having prescribed the kind of notice, it may be personal or by mail. If mailed, and the taxpayer lives

in a city, the notice if possible should be directed to the street and number of his residence. It is so provided in St. 1909, c. 490, Part II, § 3, requiring a collector of taxes, after receiving a tax list and warrant, to send notice to each person who is assessed, whether resident or non-resident, of the amount of his taxes. The commissioner not having complied with the statute, the tax is uncollectible and the information must be dismissed with costs.

*Ordered accordingly.*