ATTORNEY GENERAL *vs.* CATHERINE A. LAYCOCK, administratrix.

Suffolk.    March 3, 1915. — May 20, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Tax*, On legacies and successions.    *Judgment.*

At the trial of an information in equity brought by the Attorney General at the relation of the Treasurer and Receiver General under St. 1909, c. 266, § 1, and St. 1909, c. 490, Part IV, §§ 19, 20, against an administrator to recover a succession tax, where it appears that the tax commissioner determined

the value of the estate to be a little over $1,000 and determined that an inheritance tax in a sum named was due to the Commonwealth and notified the defendant of such determination and that no proceedings had been taken under § 19 to reduce such valuation, although such determination of the valuation of the estate is final, the defendant may show that the payment by him as administrator of just debts of his intestate reduced the total assets of the estate to a sum less than $1,000 and that therefore under § 1 no tax is due to the Commonwealth.

*Whether* in such a suit a decree of the Probate Court allowing the account of the defendant as administrator in which the payments of the debts of his intestate were stated, the decree having been entered without any notice to the Commonwealth, is binding upon the Attorney General, it here was unnecessary to determine, because the amount of the payments made by the defendant as administrator was not in dispute.

INFORMATION IN EQUITY, filed in the Supreme Judicial Court on June 1, 1914, by the Attorney General at the relation of the Treasurer and Receiver General, against the administratrix of the estate of Mary G. Clines, late of Lawrence, who died on February 28, 1909, to recover $32.82, which was determined by the tax commissioner to be due upon the estate of the intestate as a succession tax under St. 1907, c. 563, as codified in St. 1909, c. 490, Part IV.

In her answer the defendant alleged that the estate of her intestate had consisted wholly of money appraised at $1,094.15, that the defendant as administratrix had used of the assets of the estate for the payment of debts about $310, leaving a balance for distribution of about $784.15, which was accounted for by the defendant and had been allowed by the Probate Court for the county of Essex, and that, such balance for distribution being less than the sum of $1,000, under St. 1909, c. 490, Part IV, § 1, no tax was due to the Commonwealth.

The case was submitted on an agreed statement of facts, containing the facts which are stated in the opinion, to *Hammond, J.,* who found the facts to be as stated and at the request of the parties reported the case to the full court for determination. If the court should find that the entire estate of $1,094.15 was subject to an inheritance tax a decree was to issue as prayed for in the information; otherwise, the information was to be dismissed with costs.

*A. E. Seagrave,* Assistant Attorney General, for the plaintiff.

*N. P. Frye,* for the defendant.

RUGG, C. J.   The facts material to this decision are that Mary G. Clines died intestate in February, 1909, and the defendant was

appointed administratrix of her estate in the following May. She filed an inventory showing that the entire estate consisted of $1,094.15 in money. On January 19, 1911, the tax commissioner, in execution of the power conferred by the tax act, St. 1909, c. 490, Part IV, § 19, determined the value of this property to be $1,094.15, and gave due notice. On September 11, 1912, no account then having been allowed, he determined the amount of the collateral inheritance tax due to be $32.82, this sum being based on a valuation of $1,094.15 as the amount to be taxed and certified the amount, all as required by § 20, Part IV, of the act. On October 24, 1912, final account of the administration of the estate was filed and was allowed by the Probate Court, without notice to the Treasurer and Receiver General, showing disbursements of over $300, and a distributive share due to the administratrix of $784.15. If it is permissible to show these facts, the estate falls in value below the amount on which a tax is payable.

The question is whether the determination of the tax commissioner is final, or whether the defendant can show the facts and thus be exonerated from any tax. The answer depends upon the construction of St. 1909, c. 266, § 1, and St. 1909, c. 490, Part IV, §§ 19, 20. The former section enacts that in any proceeding like the present one for the recovery of taxes on legacies and successions, the administrator "may show . . . any facts which would entitle him to an abatement under the provisions" of § 20; while under the latter section he is entitled to an abatement if the Probate Court "adjudges that said tax or any part thereof was wrongly exacted." The petition for abatement must be filed "within one year after the payment of any tax to the Treasurer and Receiver General." When there has been no payment, the time limited for bringing the petition for abatement has not begun to run. All the facts tending to show that no tax rightly could have been assessed may be presented on such a petition. When the statute expressly provides that in a proceeding like the present one any fact may be shown which would entitle the administrator to an abatement, it must follow that he stands in the same position with reference to proof of facts and relief to be afforded as if he were petitioning for an abatement.

St. 1909, c. 490, Part IV, § 4, as amended by St. 1909, c. 527, § 2, enacts that succession taxes shall be payable at the expiration of

two years after the date of the giving of the bond by the administrator or executor. But that is not inconsistent with an abatement either by a direct proceeding or as a defence to an action for the collection of the tax. Indeed, most abatement proceedings must be instituted after the tax has become payable.

It has not been argued that the facts are not as shown by the account. It is unnecessary to determine whether the decree of the Probate Court allowing the final account of the administratrix, entered without notice to the Commonwealth, is binding upon the Attorney General or not. See *Attorney General* v. *Stone,* 209 Mass. 186. The facts as to the payment of just debts may be shown in this proceeding outside the account.

The contention of the Attorney General that the determination of the tax commissioner under the circumstances here disclosed is final under § 19 cannot be supported. That section provides that the valuation of the estate made by the tax commissioner shall be final unless revised in the way there pointed out. But the amount of the tax does not necessarily follow the valuation. From the valuation as thus determined there should be deducted the just debts and charges of administration before the balance is found on which the tax is to be assessed. *Callahan* v. *Woodbridge,* 171 Mass. 595, 599. There is nothing in the statute which prevents the amount of these from being shown in this proceeding.

The case at bar is quite different from *Attorney General* v. *Skehill,* 217 Mass. 364, upon which the Attorney General relies. There the attempt was to show that the valuation of the estate made by the tax commissioner was erroneous. By the terms of the statute that is final unless revised, as provided in the statute. But here there is no doubt about the valuation of the estate. That is not contested by the defendant. She simply wants to show that so much of the estate was paid out in debts that the balance was too small to be taxed. She would have a right to show that, if she had paid the tax and were seeking to recover it back by abatement proceedings. She has the same right when the information is brought by the Attorney General.

*Information dismissed with costs.*