EDWIN J. WHITNEY, executor, *vs.* TAX COMMISSIONER.

Worcester. September 29, 1919. — November 28, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Tax*, On legacies and successions, Reappraisal.

The remedy given by St. 1909, c. 490, Part IV, § 19, when a reappraisal, for the purpose of the assessment of a legacy tax, is sought by an executor, is applicable only when a reappraisal of all the taxable estate is applied for, and no relief can be given when an application is made by an executor for a reappraisal of only a part of the taxable property.

A petition under St. 1909, c. 490, Part IV, § 19, by one, who alleges himself to be

the executor and a devisee under a will and who prays for a reappraisal of one only of two parcels of real estate given him under the will, must be dismissed upon his refusing to amend his petition to include all the real estate devised to him.

*It was said,* that it was not necessary to decide what must be the scope of a petition for a reappraisal under St. 1909, c. 490, Part IV, § 19, by a legatee or a devisee of only a part of the estate of a testator.

APPEAL from a decree of the Probate Court dismissing a petition under St. 1909, c. 490, Part IV, § 19, filed in the Probate Court for the county of Worcester on November 7, 1917, for a reappraisal, for the purposes of assessment of a legacy and succession tax, of a part of the real estate of Isabella M. Whitney, late of Shrewsbury.

In the petition the petitioner alleged "that he is executor of the will of . . . deceased, and is interested in the estate of said deceased both as said executor and as devisee; that he is aggrieved by the determination of the tax commissioner" relating to the one item described in the opinion.

The petition was heard in the Probate Court by *F. H. Chamberlain,* J., and was dismissed, the decree not mentioning that the petitioner brought the petition as executor but reciting that the petitioner prayed "for a reappraisal of certain real estate devised to him under the will," and that the Attorney General objected to the granting of the petition unless all the real estate devised to the petitioner was included in the reappraisal.

The petitioner, reciting that he was a devisee and not naming himself as executor, appealed.

The case was reserved by *Rugg,* C. J., for determination by the full court.

*R. B. Dodge,* for the petitioner.

*L. Powers,* Assistant Attorney General, for the respondent.

CARROLL, J. The petitioner is the executor of the will of Isabella M. Whitney and the devisee of all her real estate, consisting of two parcels of land. For the purposes of the legacy and succession tax, the tax commissioner valued the property upon which the tax was computed. He determined that the value of the real estate was $9,100 — the home place being valued at $6,100, and a tract of one and eighty-seven one hundredths acres and barn at $3,000. The petitioner applied to the Probate Court for the reappraisal of the one and eighty-seven one hundredths tract.

The Attorney General objected to the granting of the petition, unless all the real estate devised to the petitioner was included in the appraisal. The petition was dismissed and the petitioner appealed.

The St. 1909, c. 490, Part IV, § 19, is in these words: "The value of the property upon which the tax is computed shall be determined by the tax commissioner and notified by him to the person or persons by whom the tax is payable, and such determination shall be final unless the value so determined shall be reduced by proceedings as herein provided. At any time within three months after such determination the Probate Court shall, upon the application of any party interested in the succession, or of the executor, administrator or trustee, appoint one disinterested appraiser or three disinterested appraisers, who, first being sworn, shall appraise such property at its actual market value, as of the day of the death of the decedent and shall make return thereof to said court. Such return, when accepted by said court, shall be final: provided, that any party aggrieved by such appraisal shall have an appeal upon matters of law. One half of the fees of said appraisers, as determined by the judge of said court, shall be paid by the Treasurer and Receiver General, and one half of said fees shall be paid by the other party or parties to said proceeding."

Under the general tax law, providing for the payment of annual taxes, St. 1909, c. 490, Part I, § 72, a person aggrieved by the taxes assessed upon him may apply to the assessors for an abatement thereof, and if they find that any of his property is assessed in excess of its fair cash value, they shall make a reasonable abatement. This section provides in express words for an abatement of the tax assessed on a part of the taxpayer's property. Rev. Sts. c. 7, § 37, enacted that "Any person, aggrieved by the taxes assessed upon him, may apply to the assessors for an abatement thereof; and, if he shall make it appear to them, that he is taxed at more than his just proportion, they shall make a reasonable abatement to him." This language is in substance the same as that relating to the reappraisal of property under § 19 of the inheritance tax statute, yet in *Lowell* v. *County Commissioners*, 3 Allen, 546, 549, in considering Rev. Sts. c. 7, §§ 37, 41, it was decided that when it was shown that any parcel or lot of land is over-

valued and assessed for a sum greater than its market value, the applicant for an abatement has established that he was taxed at more than his just proportion and is entitled to a reasonable abatement and the proof of such overvaluation does not open the inquiry whether other parts of his estate were undervalued. See also, *Tremont & Suffolk Mills* v. *Lowell,* 163 Mass. 283, 288, and cases cited. Before §§ 37 and 41 of c. 7, Rev. Sts. were enacted, an application could be made to the assessors for the abatement of a tax on one parcel of land without reference to other parcels owned by the taxpayer, as to which he made no complaint. These decisions, however, relate only to the abatement of annual taxes on real estate, where the lien for such taxes attaches solely to separate parcels, and each parcel is made liable for its own tax and no more. *Hayden* v. *Foster,* 13 Pick. 492, 496, 497. See also, *Jennings* v. *Collins,* 99 Mass. 29; *Massachusetts General Hospital* v. *Somerville,* 101 Mass. 319, 328; *Schwarz* v. *Boston,* 151 Mass. 226; *Boston Rubber Shoe Co.* v. *Malden,* 216 Mass. 508. Under the annual tax statute, in the valuation lists, St. 1909, c. 490, Part I, § 51, the value of each parcel of land is to be shown. See also, as to the lists required to be presented to the assessors by the taxpayer under § 42, *Boston Rubber Shoe Co.* v. *Malden, supra,* page 511, and by this statute, unless the entire tax is invalid, the only remedy the property owner has for an excessive valuation by the assessors is by petition for an abatement. *Sears* v. *Nahant,* 221 Mass. 435, 436.

The general plan of the legacy and succession tax is different in its requirements and the means employed from that adopted in the annual tax act. Before St. 1907, c. 563, § 19, was passed the valuation of the property was determined by the Probate Court. By that statute the power of originally determining the value was given to the tax commissioner. If the property of the succession is overvalued, relief can be had by an application for a reappraisal (§ 19), and the return of the appraisers when accepted by the court is final. *Attorney General* v. *Skehill,* 217 Mass. 364. If the tax assessed is invalid, its invalidity may be determined by a petition under § 20. *Attorney General* v. *Laycock,* 221 Mass. 146. *Attorney General* v. *Roche,* 219 Mass. 601. By this last mentioned section it is definitely provided that if the court adjudges said tax or any part thereof was wrongly

exacted, it shall order an abatement of the portion of the tax illegally assessed. Section 20 is in this respect in conformity with Part I, § 72, relating to the abatement of annual taxes upon real and personal estate.

Section 20 by its terms enacts that an applicant for an abatement of an inheritance tax can obtain relief from an invalid tax assessed upon "any estate or upon any part thereof" passing by will or by the law regulating intestate succession, and if said tax or any part thereof was wrongly exacted, such tax shall be ordered abated. The absence of the words "any part" or words of similar import from § 19, governing the reappraisal of property subject to the legacy and succession tax indicates that the Legislature intended that the measure of relief to be given was different from that given by § 20, and was limited to the property subject to this tax, taken as a whole. The word "property" as used in St. 1909, c. 490, Part IV, § 1, with exceptions not here material, includes all the property of the deceased within the jurisdiction of the Commonwealth which passes by will or by the laws regulating intestate successions. In § 4 of this chapter the word "property" is given the same significance and the reappraisal provided for in § 19 is "such property"—that is, all the property of the deceased. It was the design of the statute to require the payment of a legacy and succession tax on this property of the deceased at its actual value at the time of her decease. The remedy given by § 19, when a reappraisal is sought by an executor, is applicable only when a reappraisal of all the taxable estate is applied for, and no relief can be given under this section when an application is made for a reappraisal of only a part of the property. Construing § 19 in this way, the petitioner is not aggrieved, for he has the opportunity to have the question of the valuation of all of the decedent's real estate re-examined; and if the tax is just, considering the real estate in its entirety, he cannot complain if one particular parcel was overvalued.

It follows that the petition for reappraisal, when made by an executor or administrator, must include all the property of the deceased upon the succession of which the tax is due. It is not necessary to decide what must be the scope of the application when made by a devisee or legatee who is interested only in some particular property less than the entire estate. As the petitioner de-

clined to amend his petition by including all the real estate devised to him, the decree of the Probate Court dismissing the petition was right, and should be affirmed.

*So ordered.*