GEORGE PUTNAM & others, executors, & others *vs.* COMMIS-SIONER OF CORPORATIONS AND TAXATION.

Suffolk. January 5, November 28, 1938. — April 27, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & DOLAN, JJ.

*Taxation,* Succession tax. *Statute,* Retroactive. *Power. Devise and Legacy,* Power. *Constitutional Law,* Taxation, Equal protection of laws.

Under § 36 of G. L. (Ter. Ed.) c. 65, an assessment of a succession tax under § 1, considered apart from § 2, upon property passing in 1935 on the death of a donee of a power created by the will of a testator who died in 1900, was invalid.

An assessment under G. L. (Ter. Ed.) c. 65, §§ 1, 2, of a succession tax upon property passing in 1935 upon the death of a donee of a power created by the will of a testator who died in 1900, aggregated with other property passing to the same beneficiary under the will of the donee and under a trust established by him, was unconstitutional under *Binney* v. *Long,* 299 U. S. 280.

A succession tax computed under G. L. (Ter. Ed.) c. 65, § 1, by aggregating property respecting which the tax was lawfully assessed with property respecting which it was assessed without authority of law was abated to the extent of the entire tax on the property respecting which the assessment was invalid and of so much of the tax on the property respecting which an assessment was lawful as was in excess of a tax computed without such aggregation.

PETITION, filed in the Probate Court for the county of Suffolk on June 4, 1937, for abatement of a succession tax.

The case was reserved and reported by *Prest,* J.

In this court, the case was argued on January 5, 1938, by F. H. Nash and R. Wait for the petitioners and by J. J. Ronan, then Assistant Attorney General, for the respondent, before *Rugg,* C.J., *Donahue, Qua, Dolan,* & *Cox,* JJ.; and, after the death of *Rugg,* C.J., was reargued on briefs submitted by F. H. Nash and R. Wait for the petitioners and by P. A. Dever, Attorney General, and E. O. Proctor, Assistant Attorney General, for the respondent to *Field,* C.J., *Donahue, Lummus, Qua, Dolan,* & *Cox,* JJ. Justices *Donahue* and *Cox* retired before the final decision.

FIELD, C.J.    This is a petition for abatement of legacy and succession taxes brought in the Probate Court under G. L. (Ter. Ed.) c. 65, § 27.  The petitioners are, respectively, the executors of the will of Elizabeth Putnam, late of Boston, who died June 5, 1935, and whose will was allowed July 11, 1935, the sole trustee under an indenture of trust executed by said Elizabeth Putnam on June 9, 1888, the trustees under the will of Augustus Lowell, late of Brookline, who died June 22, 1900, and whose will, giving to said Elizabeth Putnam a power of appointment, was allowed July 18, 1900, and the four children of said Elizabeth Putnam — George Putnam, Katharine L. Bundy, Roger L. Putnam and Augustus L. Putnam — who were beneficiaries under each of these instruments, as individuals.  The respondent is the commissioner of corporations and taxation, herein referred to as the commissioner.  The case was heard for final determination in the Probate Court upon the petition, the answer of the commissioner, and a statement of agreed facts, and under G. L. (Ter. Ed.) c. 215, § 13, without decision, it was reported for the consideration of the full court.

The property and interests therein to which the individual petitioners succeeded, upon successions on which the legacy and succession taxes here in question were certified and paid, came from three sources:  (a) Elizabeth Putnam left substantial individual property.  By her will she gave the residue of her estate in equal shares to her four children, the individual petitioners.  (b) By the indenture of trust executed by said Elizabeth Putnam on June 9, 1888, she transferred property to trustees in trust to pay the income thereof to her for her life, and from and after her death "to pay over, transfer and convey all the principal or capital of the trust property unto such person or persons, and to such uses as she the said Elizabeth, may direct or appoint by any last will or instrument in the nature thereof, executed and attested as a last will;  full power being hereby reserved and given unto her the said Elizabeth, so to direct or appoint at all times during her natural life, and the same at pleasure to alter or revoke, notwithstanding coverture and without the assent of any husband or other person," and "in default of

such appointment or direction, to pay over, transfer and convey one half of the said principal or capital unto the issue of the said Elizabeth living at her death, the issue of any child of hers then deceased taking its parent's share by representation," and "upon the death of the said William [William Lowell Putnam, husband of Elizabeth Putnam], or upon the death of the said Elizabeth if the said William be not then living to pay over, transfer and convey the . . . [other] half of the principal or capital unto the issue of the said Elizabeth living at the death of the said William or living at the death of the said Elizabeth if the said William shall not survive her, the issue of any child of hers then deceased to take its parent's share by representation." Said Elizabeth Putnam survived her husband. She did not exercise the power of appointment. Consequently, upon her death the entire principal of the trust fund passed in default of appointment in equal shares to her four children, the individual petitioners.   (c) Augustus Lowell by his will created a trust fund for the benefit of his children, of whom said Elizabeth Putnam was one, to the extent of nine tenths of the income thereof, and provided further, so far as is here material, that "If, after my death, any of my children shall die leaving issue surviving, and without making any appointment as hereinafter provided . . . the said trustees shall transfer and convey to such issue by right of representation the same share of the principal of this trust fund that the parent, if living, would have had of the said nine-tenths of the income as hereinbefore provided.   But it is my will that either of my children who dies after me, leaving issue surviving, may by will, (or by any instrument attested like a will, although not assented to by his or her husband or wife) dispose of his or her share of the principal of the trust fund." Said Elizabeth Putnam never exercised this power of appointment. Consequently, the share of the principal of the trust fund of which she if living would have been entitled to nine tenths of the income passed upon her death in default of appointment in equal shares to her four children, the individual petitioners.

The commissioner determined the value of the individual

property of said Elizabeth Putnam, the value of the property held under the indenture of trust executed by her on June 9, 1888, and the value of the property over which she had a power of appointment under the will of her father, Augustus Lowell. Thereafter the commissioner, "purporting to act under the provisions of said chapter 65 of the General Laws, as amended, and chapter 480 of the Acts of 1935 [imposing an additional legacy and succession tax of ten per cent of the legacy and succession taxes otherwise imposed], aggregated the remainder interests in the trust under the will of said Augustus Lowell passing thereunder to the petitioners, George Putnam, Katharine L. Bundy, Roger L. Putnam and Augustus L. Putnam, upon the death of their mother, said Elizabeth Putnam, with the remainder interests in the trust under said Indenture of Trust dated June 9, 1888, passing to them upon her death, and the interest passing to them as residuary devisees and legatees under her said will; and the . . . [commissioner], thereupon, after making certain deductions, determined the value of the share of each of said petitioners in the property passing to them from the trust under the will of said Augustus Lowell at $437,621.86, and computed the tax thereon at 1% on the first $25,000, at 2% on the next $25,000, at 4% on the next $200,000, and at 5% on the balance of $187,621.86, making the tax on each such share, with the 10 per cent additional tax provided under chapter 480 of the Acts of 1935, $19,944.20 and the total tax on the four such shares $79,776.80; determined the value of the share of each of said petitioners in the property passing to them under the said Indenture of Trust dated June 9, 1888, at $192,115.50 and computed the tax thereon at 5 per cent on the first $62,378.14 thereof and at 6 per cent on the remaining $129,737.36 thereof, making the tax on each such share, with said 10 per cent additional tax, $11,993.47 and the total tax on the four such shares $47,973.88; determined the value of the residue of the estate of said Elizabeth Putnam, distributable to the said petitioners at $32,536.61 and computed the tax thereon at 6 per cent, making the tax on the four such shares, with said 10 per cent additional tax,

$2,147.42, and computed the tax upon a legacy of $125,000 to the 'William Lowell Putnam Prize Fund for the Promotion of Scholarship' established under the will of said Elizabeth Putnam at $10,065."

The petitioners seek abatements of the entire amount of the legacy and succession taxes certified and paid upon successions to the property and interests therein passing to the individual petitioners under the will of Augustus Lowell in default of appointment by said Elizabeth Putnam, and abatements of so much of the legacy and succession taxes imposed upon successions to property passing to the individual petitioners, by the indenture of trust dated June 9, 1888, in default of appointment, and so much of the legacy and succession taxes imposed upon successions to the individual property of said Elizabeth Putnam passing to the individual petitioners, as was assessed without authority of law. See G. L. (Ter. Ed.) c. 65, § 27.

1. The additional legacy and succession taxes of ten per cent purporting to be certified and paid under the provisions of St. 1935, c. 480, require no independent consideration. These taxes stand or fall with the taxes, respectively, to which they were additional.

2. All the legacy and succession taxes certified and paid upon successions to the property and interests therein of the trust created by the will of Augustus Lowell and passing to the individual petitioners in default of appointment by their mother, Elizabeth Putnam, were assessed without authority of law for reasons more fully stated in *Dexter* v. *Commissioner of Corporations & Taxation, ante,* 31. The commissioner contends that these legacy and succession taxes should be sustained under G. L. (Ter. Ed.) c. 65, § 1, as amended — considered apart from § 2 of that chapter — relying upon the provision of § 36 of that chapter that this "chapter shall apply only to property or interests therein passing or accruing upon the death of persons dying on or after May fourth, nineteen hundred and twenty." But, as was held in the *Dexter* case, this provision refers to "the death of persons" who were the former owners of the "property or interests therein," that is, in the case of successions

by will it refers to the death of the testators. Augustus Lowell, the testator, who was the former owner of the "property or interests therein," successions to which are here involved, died June 22, 1900, long before May 4, 1920. Consequently successions by his will were not subject to legacy and succession taxes under G. L. (Ter. Ed.) c. 65, § 1, as amended — considered apart from § 2 thereof.

Said § 36 provided also that "as to all property and interests therein passing or accruing upon the death of persons who have died prior to said date [May 4, 1920] the laws theretofore applicable shall remain in force." The "laws theretofore applicable" were St. 1907, c. 563, as codified and amended, providing for direct legacy and succession taxes, and R. L. c. 15, as amended, providing for collateral legacy and succession taxes. As was pointed out in the *Dexter* case, St. 1907, c. 563, as codified and amended, did not impose legacy and succession taxes upon successions by wills of testators who died before September 1, 1907, the effective date of said St. 1907, c. 563. Since the testator, Augustus Lowell, died before that date, St. 1907, c. 563, as codified and amended — considered apart from St. 1909, c. 527, § 8, now embodied in G. L. (Ter. Ed.) c. 65, § 2 — imposed no legacy and succession taxes upon successions by his will to the individual petitioners. Said Augustus Lowell died after the effective date of the original legacy and succession tax law. St. 1891, c. 425, codified in R. L. c. 15. But, since that law imposed no legacy and succession taxes upon successions to the lineal descendants of a testator, it imposed no such taxes upon the successions by the will of Augustus Lowell to the individual petitioners, his grandchildren.

The legacy and succession taxes certified and paid upon successions to the property and interests therein passing in default of the exercise of the power of appointment created by the will of Augustus Lowell cannot be sustained under G. L. (Ter. Ed.) c. 65, § 2, for reasons more fully stated in the *Dexter* case. That section purported to impose legacy and succession taxes, in accordance with the provisions of § 1 of this chapter, upon successions resulting from the exercise or nonexercise by the donee of a power of appoint-

ment "derived from any disposition of property made prior to September first, nineteen hundred and seven." The power of appointment here in question was derived from a disposition of property made by the will of Augustus Lowell prior to September 1, 1907. Where, as here, successions resulted from the nonexercise of a power of appointment, the case is to be treated "in the same manner as though the persons thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure." The time of such omission or failure was the date of the death of Elizabeth Putnam, the donee of the power, June 5, 1935. By the provisions of said § 1, all "property and interests therein which shall pass from a decedent to the same beneficiary by any one or more of the methods hereinbefore specified [one of which is the passing of property or any interest therein by will] . . . shall be united and treated as a single interest for the purpose of determining the tax hereunder." According to the terms of this statute the property and interests therein passing to each of the individual petitioners by reason of the nonexercise of the power of appointment derived from the will of Augustus Lowell were required to be united with the property and interests therein passing to such individual petitioner under the indenture of trust executed June 9, 1888, by reason of the nonexercise of the power of appointment thereby created and with the property and interests therein passing to such individual petitioner under the will of Elizabeth Putnam, and treated as a single interest for the purpose of determining the tax. It was, however, decided by the Supreme Court of the United States in *Binney* v. *Long*, 299 U. S. 280, 292–295, that this provision for the aggregation of property and interests therein was unconstitutional as applied to a case like the present case. And in the *Dexter* case it was decided that this provision for the aggregation of property and interests therein was not severable from the other provisions of said § 1, and that the statute could not rightly be interpreted as imposing legacy

and succession taxes without such aggregation of property and interests therein. Therefore, all the legacy and succession taxes certified and paid upon successions to property and interests therein of the trust created by the will of Augustus Lowell to the individual petitioners were assessed without authority of law.

3. The petitioners do not contend that successions under the indenture of trust executed June 9, 1888, or under the will of Elizabeth Putnam to the individual petitioners, respectively, were not subject to legacy and succession taxes under G. L. (Ter. Ed.) c. 65, § 1, as amended, or that for the purpose of determining the taxes upon these successions the property and interests therein passing to each of the individual petitioners could not be united as a single interest. The petitioners, however, contend that the legacy and succession taxes certified and paid upon these successions were too high, because for the purpose of determining the legacy and succession taxes thereon the property and interests passing by these successions were united with the property and interests passing to the individual petitioners, respectively, under the will of Augustus Lowell by reason of the nonexercise of the power of appointment thereby created by the donee thereof, Elizabeth Putnam. This contention is sound. The legacy and succession taxes certified and paid upon these successions under the indenture of trust and under the will of Elizabeth Putnam were assessed without authority of law to the extent that they were determined by uniting the property and interests therein so passing with the property and interests therein passing under the will of Augustus Lowell by reason of the nonexercise of the power of appointment thereby created.

4. The petitioners have not argued the point that the legacy in the will of Elizabeth Putnam for the scholarship fund is not subject to a legacy and succession tax. This point must be taken as waived.

It follows that all the legacy and succession taxes certified and paid upon successions to the individual petitioners, respectively, under the will of Augustus Lowell must be abated, and also so much of the legacy and succession taxes certified

and paid upon successions to the individual petitioners, respectively, under the indenture of trust executed June 9, 1888, and under the will of Elizabeth Putnam, as are in excess of the legacy and succession taxes thereon determined without uniting with the property and interests so passing to the individual petitioners, respectively, the property and interests therein passing to them under the will of Augustus Lowell. We do not undertake to make the calculations. The correct sums may be determined in the Probate Court in accordance with the principles here stated. Since the matter of interest is covered in express terms by G. L. (Ter. Ed.) c. 65, § 27, it will be unnecessary to deal with this matter in the decree. See *Flint* v. *Commissioner of Corporations & Taxation*, 312 Mass. 204, 213.

The case is remanded to the Probate Court for the entry of an appropriate decree granting abatements in conformity with the principles here stated.

*Ordered accordingly.*