DAVID RINES *vs.* DAVID RINES, administrator, & others.

Suffolk.   November 8, 1946. — November 29, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Equity Jurisdiction*, Tax, Other remedy.  *Probate Court*, Jurisdiction. *Taxation*, Succession tax.  *Jurisdiction*, Taxation, Estate of decedent.

A suit in equity in the Superior Court does not lie to enjoin the commissioner of corporations and taxation from assessing a succession tax, since the exclusive jurisdiction of questions relating to a succession tax is in the appropriate Probate Court under G. L. (Ter. Ed.) c. 65.

BILL IN EQUITY, filed in the Superior Court on May 16, 1946.

The suit was heard on demurrer by *Williams*, J.  The demurrer was sustained and the plaintiff appealed.

. *R. Needleman,* (*J. R. Needleman* with him,) for the plaintiff.
No argument nor brief for the defendants.

DOLAN, J.   This bill in equity is brought by the plaintiff
in his individual capacity against himself as administrator
of the estate of his deceased wife, and against other de-
fendants including the commissioner of corporations and
taxation, hereinafter referred to as the commissioner.   By
the bill the plaintiff seeks to establish his title to certain
real and personal property standing in the name of the
intestate at the time of her death, and to certain deposits .
in savings banks standing in her name and that of the
plaintiff in joint account.   The plaintiff, alleging that the
commissioner, "purporting to act under the provisions of
§ 25 of c. 65 of the General Laws, threatens, on or about
June 13, 1946,[1] to assess upon the plaintiff a so called in-
heritance tax" with respect to the funds in the banks stand-
ing in the name of the plaintiff and the intestate in joint
account, also seeks to have the commissioner enjoined
during the pendency of this suit and perpetually thereafter
from assessing a tax upon the plaintiff with respect to the
funds in the savings banks in joint account.   The com-
missioner demurred to the bill on the grounds that, in so
far as its allegations affect him, the exclusive remedy is
under G. L. (Ter. Ed.) c. 65, §§ 27, 30, and that the matters
involved in the bill, so far as they affect him, are not properly
before the court.   The judge entered an interlocutory decree
sustaining the demurrer and denying leave to amend, and
a final decree dismissing the bill as to the commissioner.
The appeals of the plaintiff from those decrees bring the
case before us.

The decrees appealed from were entered rightly.   The
exclusive jurisdiction of all questions relative to taxes
imposed by G. L. (Ter. Ed.) c. 65 upon legacies and suc-
cessions rests in the Probate Court having jurisdiction of
the estate of the decedent.   G. L. (Ter. Ed.) c. 65, § 30.
See also §§ 25, 27; *New England Trust Co.* v. *Commissioner
of Corporations & Taxation,* 315 Mass. 639, 641, 642;

---

[1] The bill was filed in the Superior Court on May 16, 1946.

*O'Donnell* v. *Commissioner of Corporations & Taxation,* 317 Mass. 664, 668–669. It may be added that the general principle has been repeatedly declared in this Commonwealth that a suit in equity will not lie to restrain the collection of a tax other than in exceptional and extraordinary circumstances where the statutes fail to provide a remedy for the recovery of sums paid under illegal assessments. *Proprietors of the Cemetery of Mount Auburn* v. *Unemployment Compensation Commission,* 301 Mass. 211, 212, 213, and cases cited. The same principle applies to a suit in equity to restrain the assessment of a tax. In the present case the statutory remedies provided in G. L. (Ter. Ed.) c. 65 are exclusive, and in so far as relief is sought against the commissioner the bill cannot be maintained.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*to the commissioner.*