JEAN A. ROBERTS *vs.* COMMISSIONER OF REVENUE.

Suffolk.  March 5, 1980. — April 16, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Taxation,* Succession tax.  *Pension.  Annuity.  Judge.*

A pension payable to a judge's widow pursuant to G. L. c. 32, § 65C, was
    not subject to inheritance tax under c. 65, § 1, as amended through
    St. 1961, c. 403.  [429]

PETITION in equity filed in the Probate Court for the
county of Suffolk on July 20, 1970.

The case was heard by *Warner, J.*

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Thomas Miller,* Assistant Attorney General, for the de-
fendant.

*Stanley S. Ganz (Elizabeth H. Kunz* with him) for the
plaintiff.

WILKINS, J.  The plaintiff is the widow of the Honorable
George W. Roberts, an associate justice of the Municipal
Court of the City of Boston who died in office on April 19,
1964, at the age of sixty, after more than fifteen years of
service.  She brought this proceeding to challenge the deter-
mination of the defendant's predecessor that an inheritance
tax was due on the value of the statutory pension payable to
her.  Acting under G. L. c. 65, § 27, a judge of the Probate
and Family Court Department ruled that the plaintiff was
entitled to an abatement of the inheritance tax assessed and
paid on the value of the statutory pension.  We transferred
the case here on our own motion and now affirm the judg-
ment that ordered the tax to be abated and a refund of the
tax paid, with interest.

At the judge's death, the Commonwealth became obliged by statute to provide a pension payable to his widow for life or until her remarriage. G. L. c. 32, § 65C, as amended through St. 1964, c. 464, § 1 (approved June 4, 1974, effective January 1, 1964, see St. 1964, c. 464, § 2). The defendant argues that the plaintiff's pension was subject to inheritance tax under G. L. c. 65, § 1, as amended through St. 1961, c. 403, which subjected to inheritance tax "[a]ll property within the jurisdiction of the commonwealth . . . belonging to inhabitants of the commonwealth . . . which shall pass . . . by deed, grant or gift . . . made or intended to take effect in possession or enjoyment after [the decedent's] death." [1] At the time of Judge Roberts's death, life insurance proceeds payable to a beneficiary other than the insured were not subject to the Massachusetts inheritance tax. See *Welch* v. *Commissioner of Corps. & Taxation,* 309 Mass. 293, 296 (1941); *Tyler* v. *Treasurer & Receiver Gen.,* 226 Mass. 306, 310 (1917). [2] The statutory pension in favor of the judge's widow was in effect an annuity that she began to receive at her husband's death. In *Cochrane* v. *Commissioner of Corps. & Taxation,* 350 Mass. 237, 240 (1966), we held that an annuity not materially different from the one involved in this case "has the characteristics of life insurance, which is not subject to the excise imposed by the Massachusetts inheritance tax law." [3]

---

[1] Pursuant to St. 1975, c. 684, §§ 74 and 97, the inheritance tax was replaced with respect to decedents dying on or after January 1, 1976, by the Massachusetts Estate Tax, found in G. L. c. 65C.

[2] But see St. 1971, c. 555, §§ 51, 52, and 67, amending G. L. c. 65, § 1, to impose an inheritance tax on the proceeds of certain life insurance policies on the lives of persons dying on or after July 22, 1971.

[3] The *Cochrane* case involved an arrangement by which a Navy admiral accepted reduced retirement pay in return for the government's obligation to make monthly payments to his widow until her death or remarriage. An actuarial computation was made to determine the amount of reduction in the admiral's pay necessary to fund the payments to his widow. Comparable actuarial computations were required under G. L. c. 32, § 65C, to determine the amount of the payments to be made to Judge Roberts's widow. Judge Roberts in accepting and continuing his

Without attempting to distinguish, or even citing, the *Cochrane* case, the defendant relies on decisions of this court subsequent to the *Cochrane* case concerned with private employee pension, retirement, and insurance programs. See, e.g., *Narva* v. *Commissioner of Corps. & Taxation,* 358 Mass. 648 (1971); *National Shawmut Bank* v. *Commissioner of Corps. & Taxation,* 354 Mass. 350 (1968). These later cases involved rights and interests which the court thought were too remote from the concept of life insurance to be treated as life insurance free from taxation under G. L. c. 65, § 1. See 358 Mass. at 650, and 354 Mass. at 361. We have never overruled the *Cochrane* case. Indeed, in the *National Shawmut Bank* case, we distinguished the *Cochrane* case and acknowledged that it was still sound in principle. 354 Mass. at 359. The plaintiff's pension, like that of Mrs. Cochrane, had the characteristics of life insurance and thus was not subject to the Massachusetts inheritance tax as it stood on the date of Judge Roberts's death.

*Judgment affirmed.*

---

judicial employment took the risk that he would not live to retirement and that his wife would not survive him if he died in office.