ROBERT GREENFIELD, executor, vs. COMMISSIONER OF
REVENUE.

Norfolk. January 11, 1982. — April 28, 1982.

Present: GRANT, BROWN, & KASS, JJ.

Taxation, Succession tax, Appellate Tax Board. Jurisdiction, Probate
    Court, Appellate Tax Board. Probate Court, Jurisdiction.

A Probate Court lacked jurisdiction over an action seeking a determina-
    tion of the value of certain stock for purposes of the inheritance tax
    where the plaintiff had failed to appeal to the Appellate Tax Board
    from a determination of value by the Commissioner of Corporations
    and Taxation under G. L. c. 65, § 25, and a reduction in that valua-
    tion by the State Tax Commission under c. 65, § 26. [490-491]

CIVIL ACTION commenced in the Probate and Family
Court Department on August 3, 1979.

The case was heard by Sullivan, J., on a master's report.

Gerald J. Caruso, Assistant Attorney General, for the
defendant.

Richard G. Pizzano (Robert J. Gaynor with him) for the
plaintiff.

GRANT, J.  The plaintiff's testator was, at the time of his
death in 1973, the owner of a substantial block of the com-
mon stock of a publicly held corporation.  On April 5, 1977,
the Commissioner of Corporations and Taxation, acting
under the provisions of G. L. c. 65, § 25 (as amended
through St. 1971, c. 555, § 58), valued the stock at
$3,507,823 for purposes of the inheritance tax.[1]  On June 20,
1977, the State Tax Commission (Commission), apparently

---

[1] We are not concerned with the estate tax now found in G. L. c. 65C,
inserted by St. 1975, c. 684, § 74, which applies only with respect to the
estates of decedents dying on or after January 1, 1976. See St. 1975,
c. 684, § 97.

acting under the provisions of G. L. c. 65, § 26 (as appearing in St. 1961, c. 469, § 3), reduced the valuation to $3,472,351.30.

The plaintiff did not appeal to the Appellate Tax Board, as permitted by § 26. Instead, on August 3, 1979, he filed in the Probate Court in which the estate was being settled a complaint against the Commissioner of Revenue (Commissioner)[2] which was entitled "Complaint for the Reduction in the Valuation of Stock," which purported to invoke the court's jurisdiction under G. L. c. 65, §§ 27 (as appearing in St. 1971, c. 555, § 59) and 30, and which sought a reduction in the valuation which had been determined by the Commission some two years earlier. The Commissioner moved to dismiss for lack of jurisdiction over the subject matter of the action (Mass.R.Civ.P. 12[b][1], 365 Mass. 755 [1974]), essentially on the ground that the plaintiff had failed to appeal to the Appellate Tax Board under § 26 for a new appraisal of the stock. The plaintiff countered with an "Amended Complaint for the Abatement of Inheritance Taxes Wrongfully Assessed Without the Authority of Law" which also relied on the provisions of §§ 27 and 30 and sought the same ultimate objective. The Commissioner fired back with a further motion to dismiss, for the same reasons as before.

A judge bucked the jurisdictional question as well as the merits to a master, who persuaded himself that the court had jurisdiction to make an independent determination of value which would bind the Commissioner for inheritance tax purposes and suggested, not too subtly, that the case be settled. The Commissioner stuck to her guns, and the case was tried to the master, who valued the stock at $2,430,645.90. A second judge overruled the Commissioner on the jurisdictional point, adopted the master's report and valuation, and entered judgment accordingly. The Commissioner appealed.

---

[2] She entered the picture on August 1, 1978, via St. 1978, c. 514, §§ 5 and 287.

We think the master, counsel and the second judge may have oversimplified some of the language appearing in G. L. c. 65, §§ 27 and 30. The cases decided under or with reference to §§ 25 through 27 and 30 of that chapter, and their respective predecessors,[3] have uniformly held or considered that what are now §§ 25 and 26 are the only sections of that chapter concerned with the valuation of assets which are subject to the inheritance tax, that § 27 is confined to the abatement of illegally exacted taxes which have been paid, and that § 30 constitutes nothing more than a grant of jurisdiction to hear and determine questions of law (as on petitions for instructions) as to whether particular interests are subject to liability for payment of the tax.[4] That ques-

---

[3] See St. 1891, c. 425, §§ 13 and 14; R.L. c. 15, §§ 16 and 17 (1902); St. 1905, c. 367; St. 1907, c. 563, §§ 19-21; St. 1909, c. 490, Part IV, §§ 19-21; G. L. c. 65, §§ 25-27 and 30 (1921); St. 1922, c. 520, §§ 18 and 19; St. 1924, c. 300, § 3; St. 1930, c. 416, §§ 30 and 31; G. L. (Ter. Ed.) c. 65, §§ 25-27 and 30; St. 1939, c. 451, §§ 34 and 35; St. 1939, c. 494, §§ 1 and 2; St. 1953, c. 654, §§ 89 and 90; St. 1954, c. 572, §§ 1 and 2; St. 1961, c. 469, §§ 2 and 3; St. 1967, c. 550, § 1; St. 1971, c. 555, §§ 58 and 59. None of the further changes in G. L. c. 65, §§ 25-27, which were effected by St. 1978, c. 106, or by St. 1978, c. 514, §§ 176-177B, is of any present materiality.

[4] See, e.g., *Howe* v. *Howe*, 179 Mass. 546, 547 (1901); *Bradford* v. *Storey*, 189 Mass. 104, 106-107 (1905); *Dow* v. *Abbott*, 197 Mass. 283, 288 (1908); *Peabody* v. *Treasurer & Recr. Gen.*, 215 Mass. 129, 130 (1913); *Attorney Gen.* v. *Skehill*, 217 Mass. 364, 365-367 (1914); *Attorney Gen.* v. *Roche*, 219 Mass. 601, 602 (1914); *Attorney Gen.* v. *Laycock*, 221 Mass. 146, 147-149 (1915); *Bliss* v. *Bliss*, 221 Mass. 201, 202 (1915); *Walker* v. *Treasurer & Recr. Gen.*, 221 Mass. 600, n. at 600 (1915); *Mitton* v. *Treasurer & Recr. Gen.*, 229 Mass. 140, 141, 143 (1918); *Hill* v. *Treasurer & Recr. Gen.*, 229 Mass. 474, 475 (1918); *Priestley* v. *Treasurer & Recr. Gen.*, 230 Mass. 452, 453 (1918); *Whitney* v. *Tax Commr.*, 234 Mass. 188, 190, 191-192 (1919); *Marble* v. *Treasurer & Recr. Gen.*, 245 Mass. 504, 506 (1923); *Pratt* v. *Dean*, 246 Mass. 300, 301, 307 (1923); *Baker* v. *Commissioner of Corps. & Taxn.*, 253 Mass. 130, 131 (1925); *Magee* v. *Commissioner of Corps. & Taxn.*, 256 Mass. 512, 513 (1926); *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corps. & Taxn.*, 267 Mass. 240, 241 (1929); *Cabot* v. *Commissioner of Corps. & Taxn.*, 267 Mass. 338, 339-340, 342 (1929); *Coolidge* v. *Commissioner of Corps. & Taxn.*, 268 Mass. 443, 445 (1929); *Ames* v. *Commissioner of Corps. & Taxn.*, 269 Mass. 352, 358-359 (1929); *Worcester County Natl. Bank* v. *Commissioner of Corps. & Taxn.*, 275 Mass. 216, 217-218 (1931); *Watson*

tions of valuation under §§ 25 and 26 have always been regarded as separate and distinct from questions of liability under §§ 27 and 30 is succinctly demonstrated by the following language appearing in *New England Trust Co. v. Commissioner of Corps. & Taxn.*, 315 Mass. 639 (1944), which was a case brought under § 30: "This is not an appeal from a determination of value. See G. L. (Ter. Ed.) c. 65, § 25. Nor is it a petition for abatement under § 27. It is an independent proceeding brought under § 30 by a trustee to ascertain whether the transfer to it in trust is taxable. It is settled that such a proceeding can be maintained under § 30. . . . It is in the nature of a petition by a fiduciary for instructions. Similar cases have been designated as petitions for instructions." 315 Mass. at 641-642.[5]

---

v. *Erickson*, 276 Mass. 185, 190 (1931); *Boston Safe Deposit & Trust Co. v. Commissioner of Corps. & Taxn.*, 294 Mass. 551, 551 (1936); *Boston Safe Deposit & Trust Co. v. Commissioner of Corps. & Taxn.*, 309 Mass. 37, 37-38 (1941); *Anderson v. Commissioner of Corps. & Taxn.*, 312 Mass. 40, 41, 45-46 (1942); *Wellesley College v. Attorney Gen.*, 313 Mass. 722, 730 (1943); *New England Trust Co. v. Commissioner of Corps. & Taxn.*, 315 Mass. 639, 641-642 (1944); *Putnam v. Commissioner of Corps. & Taxn.*, 316 Mass. 73, 74, 80-81 (1944); *Ferguson v. Commissioner of Corps. & Taxn.*, 316 Mass. 318, 319 (1944); *O'Donnell v. Commissioner of Corps. & Taxn.*, 317 Mass. 664, 665, 668-669 (1945); *Hopkins v. Commissioner of Corps. & Taxn.*, 320 Mass. 168, 169 (1946); *Rines v. Rines*, 320 Mass. 465, 466 (1946); *Old Colony Trust Co. v. Commissioner of Corps. & Taxn.*, 331 Mass. 329, 330 (1954); *Dennis v. Commissioner of Corps. & Taxn.*, 340 Mass. 629, 629 (1960); *Old Colony Trust Co. v. Commissioner of Corps. & Taxn.*, 343 Mass. 613, 613-614 (1962); *Old Colony Trust Co. v. Commissioner of Corps. & Taxn.*, 346 Mass. 667, 667 (1964); *Steward v. Commissioner of Corps. & Taxn.*, 348 Mass. 15, 16 (1964); *DeVincent v. Commissioner of Corps. & Taxn.*, 348 Mass. 758, 759 (1965); *Cochrane v. Commissioner of Corps. & Taxn.*, 350 Mass. 237, 245 (1966); *Beals v. Commissioner of Corps. & Taxn.*, 370 Mass. 781, 782-783 (1976); *Roberts v. Commissioner of Rev.*, 380 Mass. 428 (1980); *Nippe v. Commissioner of Rev.*, 380 Mass. 431, 431-432 (1980).

[5] That case was not the first occasion on which distinctions were drawn between the respective functions of §§ 25 and 26 and §§ 27 and 30. In 1921 the Legislature assigned §§ 25 and 26 to a part of G. L. c. 65 which was entitled, "VALUATION AND APPRAISAL," assigned § 27 to a part entitled, "ASSESSMENT OF TAX," and assigned § 30 to a part entitled, "PROCEEDINGS TO DETERMINE AND COLLECT TAXES."

We conclude, in accordance with the decided cases, that neither § 27 nor § 30 afforded any basis for the court's independent determination of value and turn our attention to §§ 25 and 26. A portion of the early history of what now appears in those sections is referred to or explicated in some of the cases already cited in n.4 hereof.[6] We see no need to dwell on the early history. It is enough if the reader understands (1) that ever since the enactment of St. 1930, c. 416, the only statutory path from (A) a determination of value made by the taxing authorities for inheritance tax purposes to (B) a Probate Court has wound its way through either the old Board of Tax Appeals or (since 1937) the present Appellate Tax Board[7] and (2) that ever since 1930 (with the exception of the period from July 1, 1955, through July 1, 1968) the provisions of G. L. c. 58A, § 13, have been explicit that "[t]he decision of the board shall be final as to findings of fact."[8] It is not surprising, therefore, that forty years ago the Supreme Judicial Court said, in proceedings brought under § 30, that "[the] sole remedy in the first instance, if aggrieved by the determination of value by the [Commissioner of Corporations and Taxation], was by appeal to the Appellate Tax Board under" what is now § 26. *Anderson* v. *Commissioner of Corps. & Taxn.*, 312 Mass. 40, 45-46 (1942).

That remedy was not pursued in the present case. As even the master ultimately concluded, the question of the value of the stock was one of fact to be determined on all

---

[6] See in particular *Attorney Gen.* v. *Skehill,* 217 Mass. 364, 365, 366 (1914); *Attorney Gen.* v. *Roche,* 219 Mass. 601, 602 (1914); *Attorney Gen.* v. *Laycock,* 221 Mass. 146, 148, 149 (1915); *Whitney* v. *Tax Commr.,* 234 Mass. 188, 189-190, 191-192 (1919); *Cabot* v. *Commissioner of Corps. & Taxn.,* 267 Mass. 338, 339-340, 342-343 (1929).

[7] See St. 1930, c. 416, §§ 1, 30 and 31; St. 1937, c. 400, §§ 1, 4; St. 1939, c. 451, §§ 34 and 35; St. 1939, c. 494, §§ 1 and 2; St. 1953, c. 654, §§ 89 and 90; St. 1954, c. 572, §§ 1 and 2; St. 1961, c. 469, §§ 2 and 3; St. 1971, c. 555, § 58; St. 1978, c. 514, §§ 5 and 176.

[8] See St. 1930, c. 416, § 1; St. 1931, c. 218, § 1; St. 1933, c. 321, § 7; St. 1937, c. 400, §§ 1 and 4; St. 1954, c. 681, §§ 5 and 22; St. 1968, c. 120, §§ 2 and 5; St. 1973, c. 1114, § 5; St. 1978, c. 514, § 72.

the evidence. *Commissioner of Corps. & Taxn.* v. *Worcester County Trust Co.*, 305 Mass. 460, 462-463 (1940). Compare *New Boston Garden Corp.* v. *Assessors of Boston*, 383 Mass. 456, 465-468, 472-473 (1981). There was and is no question that the passing of the stock is subject to the inheritance tax. It has not been argued, or even suggested, that this is the type of case in which the established administrative machinery could or should be bypassed in favor of declaratory relief under G. L. c. 231A.[9] See *Sydney* v. *Commissioner of Corps. & Taxn.*, 371 Mass. 289, 293-295 (1976); *S.J. Groves & Sons* v. *State Tax Commn.*, 372 Mass. 140, 142-143 (1977). We conclude that the Probate Court lacked jurisdiction to make an independent determination of the value of the stock that would be binding on the Commissioner.

Accordingly, the judgment is reversed, and a new judgment is to be entered dismissing the action for lack of jurisdiction over its subject matter.

*So ordered.*

---

[9] This case will not settle any great principle for the future so far as concerns the inheritance tax, which will steadily decrease in importance. It is clear under the present estate tax that all "appeals from the decision of the commissioner as to the value of an asset of the estate for purposes of chapter sixty-five C *shall* be made by filing a petition with the clerk of the appellate tax board" (emphasis supplied). G. L. c. 62C, § 39(*a*), inserted by St. 1976, c. 415, § 22, and amended by St. 1978, c. 514, § 129. Subsection (*b*) of § 39 perpetuates the dichotomy between questions of valuation and other types of questions by providing that "appeals from the decision of the commissioner as to all other matters arising under chapter sixty-five C shall be made by filing a petition with either the clerk of the appellate tax board or the probate court having jurisdiction of the estate of the decedent . . . ."